Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAGGOS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESONANT INC., TERRY LINGREN, and JOHN PHILPOTT,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff John Paggos ("Plaintiff"), by Plaintiff's undersigned attorneys, individually and on behalf of all other persons similarly situated, alleges the following based upon personal knowledge as to Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Resonant Inc. ("Resonant" or the "Company"), analysts' reports and advisories about the Company, and information

readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**NATURE OF THE ACTION**

1. This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired Resonant securities from August 14, 2014 to February 26, 2015, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws (the "Class").

2. Resonant is a development stage company, which focuses on creating filter designs for radio frequency ("RF") front-ends in the mobile device industry.

3. Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, prospects and performance. Specifically, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) there were errors in the valuation of warrant liabilities, weighted average shares outstanding and earnings per share, and the notes to the condensed consolidated financial statements for the three and six months ended June 30, 2014 and 2013; (2) the Company's disclosure controls and procedures were not effective as of June 30, 2014; (3) the Company would be unable to meet Milestone 4 pursuant to its development agreement in the first quarter of 2015; and (4) as a result of the foregoing, the Company's financial statements and statements concerning its business operations and prospects were materially false and misleading at all relevant times.

4. On October 8, 2014, the Company filed a Form 8-K with the SEC revealing that its previously issued unaudited condensed consolidated financial statements for the three and six month periods ended June 30, 2014 and 2013 included in its Form 10-Q for the quarter ended June 30, 2014 filed with the SEC on August 14, 2014 ("2014 2nd Quarter 10-Q") needs to be restated. The Company also

Class Action Complaint for Violation of the Federal Securities Laws

revealed that it identified a material weakness in its internal controls as of June 30, 2014.

5. On this news, shares of Resonant fell $0.13 per share from its previous closing price to close at $6.35 per share on October 9, 2014, damaging investors.

6. On October 10, 2014, the Company filed an amended Form 10-Q for the quarter ended June 30, 2014 with the SEC (the "Amended 2014 2nd Quarter 10-Q"), which restated its unaudited condensed consolidated financial statements and related disclosures for the three and six months ended June 30, 2014 and 2013.

7. On this news, shares of Resonant fell $0.25 per share from its previous closing price to close at $6.05 per share on October 13, 2014, further damaging investors.

8. On February 26, 2015, the Company announced that the completed duplexer design it delivered to its first customer for consideration did not meet all the specifications in the development agreement.

9. On this news, shares of Resonant fell $5.07 per share or over 32% from its previous closing price to close at $10.40 per share on February 27, 2015, further damaging investors.

10. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

11. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. § 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 8 240.10b-5).

12. This Court has jurisdiction over the subject matter of this action pursuant to § 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

Class Action Complaint for Violation of the Federal Securities Laws

13. Venue is proper in this District pursuant to §27 of the Exchange Act, 15 U.S.C. §78aa and 28 U.S.C. §1391(b), as Defendants conduct business and maintain an office in this District.

14. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

15. Plaintiff, as set forth in the attached Certification, acquired Resonant securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

16. Defendant Resonant is a Delaware corporation that maintains its principal executive offices at 110 Castilian Drive, Suite 100, Santa Barbara, California 93117. Resonant is a development-stage company, which focuses on creating innovative filter designs for RF front-ends—the circuitry in a mobile device responsible for analog signal processing—for the mobile device industry. Resonant trades on the NASDAQ Capital Market ("NASDAQ") under the ticker symbol "RESN."

17. Defendant Terry Lingren ("Lingren) is the founder of the Company and has served as the Company's Chairman of Board and Chief Executive Officer at all relevant times.

18. Defendant John Philpott ("Philpott) has served as the Company's Chief Financial Officer at all relevant times.

19. The defendants referenced above in ¶¶17 – 18 are sometimes referred to herein as the "Individual Defendants."

20. Defendant Resonant and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background**

21. The Company currently has no revenues or developed products. It is developing its first commercial duplexer design in collaboration with Skyworks Solutions, Inc.—a leading supplier of RF front-ends for mobile devices—pursuant to a development agreement.

22. The development agreement contains the following progress milestones:

- Milestone 1 (Resonator Designs)—Design a set of resonators, fabricate using an approved high volume manufacturer and provide test results.

- Milestone 2 (First Duplexer Design)—Design the first iteration of a fully-packaged duplexer, fabricate using the approved manufacturer, provide test results and deliver samples.

- Milestone 3 (Second Duplexer Design)—Design the second iteration of a fully-packaged duplexer, fabricate using the approved manufacturer, provide test results and deliver samples.

- Milestone 4 (Production-Ready Duplexer Design)—Design production-ready, fully-packaged duplexer, fabricate using the approved manufacturer, provide test results and deliver samples.

**Materially False And Misleading Statements Issued During the Class Period**

23. The Class Period starts on August 14, 2014, when the Company filed its 2014 2nd Quarter 10-Q with the SEC, which included its unaudited condensed consolidated financial statements for the three and six month periods ended June 30, 2014 and 2013. The 2014 2nd Quarter 10-Q stated that Defendants Lingren and Philpott evaluated the effectiveness of the Company's disclosure controls and procedures as of June 30, 2014 and concluded that the Company's disclosure controls and procedures were effective.

24. The 2014 2nd Quarter 10-Q was signed by Defendant Philpott. The 2014 2nd Quarter 10-Q also contained signed certifications pursuant to the Sarbanes-Oxley

Act of 2002 ("SOX") by Defendants Lingren and Philpott, which stated that the financial information contained in the 2014 2nd Quarter 10-Q was accurate.

25. The statements referenced in ¶¶23 – 24 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) there were errors in the valuation of warrant liabilities, weighted average shares outstanding and earnings per share and the notes to the condensed consolidated financial statements for the three and six months ended June 30, 2014 and 2013; (2) the Company's disclosure controls and procedures were not effective as of June 30, 2014; and (3) as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

26. On November 6, 2014, the Company issued a press release announcing the financial results and provided a business update for the third quarter ended September 30, 2014. In the press release, Defendant Lingren stated in part:

> We are pleased to report that we completed Milestone 3 to our customer's satisfaction on our first development agreement. The duplexer we produced to meet this milestone exhibits competitive performance and represents a significant accomplishment for our engineering team. ***We now expect to complete Milestone 4 in the first quarter of 2015.***
>
> [Emphasis added].

27. On December 15, 2014, the Company participated in Ascendiant's Quarterly Management Discussion Series. During the call, Defendant Lingren expressed a high level of confidence with no surprises about meeting the milestone 4 requirements and presented it as "Test we already have answers to <…> It's mostly reliability/qualification testing."

28.     The statements referenced in ¶¶26 – 27 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that Resonant would be unable to meet Milestone 4 in the first quarter of 2015 and as a result of the foregoing, the Company's statements concerning its business operations and prospects were materially false and misleading at all relevant times.

## The Truth Slowly Emerges

29.     On October 8, 2014, the Company filed a Form 8-K with the SEC revealing that its previously issued unaudited condensed consolidated financial statements for the three and six month periods ended June 30, 2014 and 2013 included in its 2014 2nd Quarter 10-Q needs to be restated and that it had a material weakness in its internal controls as of June 30, 2014. The Form 8-K states in part:

> **Item 4.02    Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review.**
>
> We filed a Quarterly Report on Form 10-Q for the quarter ended June 30, 2014 with the Securities and Exchange Commission on August 14, 2014 (the "Original Filing").  We plan to amend the Original Filing to amend and restate our unaudited condensed consolidated financial statements and related disclosures for the three and six months ended June 30, 2014 and 2013.
>
> *Decision to Restate and Reliance on Prior Financials*
>
> On October 2, 2014, we concluded that investors should no longer rely on the previously issued unaudited condensed consolidated financial statements for the three and six month periods ended June 30, 2014 in our Original Filing (the "Affected Periods").  We reached our conclusion after discussion with our Audit Committee and a joint discussion with our independent registered public accounting firm.

Class Action Complaint for Violation of the Federal Securities Laws

We also identified a material weakness in our internal controls as of June 30, 2014.  We are taking steps to remediate this weakness.

*Valuation of Warrant Liabilities*

We reviewed the accounting treatment of our bridge warrants, offering warrants and consulting warrants (the "Subject Warrants") and concluded that the related warrant liabilities should have been permanently reclassified as equity effective as of May 29, 2014, the date of our initial public offering (the "IPO").  We based our conclusion on the fact that the redemption and put features of the Subject Warrants automatically terminated on the date of the IPO.  Consequently, we should have also ceased recording any further fair value adjustments after the date of the IPO associated with quarterly adjustments to the fair value of warrant liabilities.  Due to the elimination of the warrant liabilities, we will not record any further quarterly adjustments for the fair value of warrant liabilities or any associated gain or loss from such adjustments.

*Weighted Average Shares Outstanding and Earnings per Share*

We discovered an error in the calculation of the weighted average shares outstanding for the Affected Periods.  Correcting this error has increased the loss per share for both of the Affected Periods.

*Revision to Notes to Condensed Consolidated Financial Statements*

We concluded that the notes to the condensed consolidated financial statements should be amended to include additional disclosures for warrant liabilities, fair value of financial instruments and restatement of condensed consolidated financial statements.

30. On this news, shares of Resonant fell $0.13 per share from its previous closing price to close at $6.35 per share on October 9, 2014, damaging investors.

31. On October 10, 2014, the Company filed the Amended 2014 2nd Quarter 10-Q to amend and restate its unaudited condensed consolidated financial statements and related disclosures for the three and six months ended June 30, 2014 and 2013.

Class Action Complaint for Violation of the Federal Securities Laws

32. On this news, shares of Resonant fell $0.25 per share from its previous closing price to close at $6.05 per share on October 13, 2014, further damaging investors.

33. On February 26, 2015, the Company issued a press release announcing the financial results and provided a business update for the fourth quarter and year ended December 31, 2014, which revealed the Company's inability to meet Milestone 4 pursuant to its development agreement. The press releases states in part:

> ***We have delivered a completed duplexer design for consideration to our first customer. Our design does not meet all the specifications in the development agreement***, but we believe it delivers competitive performance, which we view as a major accomplishment. Our customer's decision whether to use our design is complex and based on a number of considerations, many of which are beyond our control.

(Emphasis added).

34. On this news, shares of Resonant fell $5.07 per share or over 32% from its previous closing price to close at $10.40 per share on February 27, 2015, further damaging investors.

35. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

36. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Resonant securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal

representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

37. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Resonant securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Resonant or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

38. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

39. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

40. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Resonant;
- whether the Individual Defendants caused Resonant to issue false and misleading financial statements during the Class Period;

Class Action Complaint for Violation of the Federal Securities Laws

1  • whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;
2  • whether the prices of Resonant securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and
3  • whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

41. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

42. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

• Defendants made public misrepresentations or failed to disclose material facts during the Class Period;
• the omissions and misrepresentations were material;
• Resonant securities are traded in an efficient market;
• the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;
• the Company traded on the NASDAQ and was covered by multiple analysts;
• the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and
• Plaintiff and members of the Class purchased, acquired and/or sold Resonant securities between the time the Defendants failed to disclose or

misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

43. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

44. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violations of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

45. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

46. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

47. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Resonant securities; and (iii) cause Plaintiff and other

members of the Class to purchase or otherwise acquire Resonant securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

48. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Resonant securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Resonant's finances and business prospects.

49. By virtue of their positions at Resonant, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

50. Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of Resonant securities from their personal portfolios.

51. Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of Resonant, the Individual Defendants had knowledge of the details of Resonant's internal affairs.

52. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Resonant. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Resonant's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Resonant securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Resonant's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Resonant securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

53. During the Class Period, Resonant securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Resonant securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Resonant securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market rice of Resonant securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

Class Action Complaint for Violation of the Federal Securities Laws

54. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

55. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### Violations of Section 20(a) of The Exchange Act
### Against The Individual Defendants

56. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57. During the Class Period, the Individual Defendants participated in the operation and management of Resonant, and conducted and participated, directly and indirectly, in the conduct of Resonant's business affairs. Because of their senior positions, they knew the adverse non-public information about Resonant's current financial position and future business prospects.

58. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Resonant's business practices, and to correct promptly any public statements issued by Resonant which had become materially false or misleading.

59. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Resonant disseminated in the marketplace during the Class Period concerning the Company's business, operational and accounting policies. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Resonant to engage in the wrongful acts

Class Action Complaint for Violation of the Federal Securities Laws

complained of herein. The Individual Defendants therefore, were "controlling persons" of Resonant within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Resonant securities.

60.  Each of the Individual Defendants, therefore, acted as a controlling person of Resonant. By reason of their senior management positions and/or being directors of Resonant, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Resonant to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Resonant and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

61.  By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Resonant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.  Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.  Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.  Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as her reasonable attorneys' fees, expert fees and other costs; and

D.  Awarding such other and further relief as this Court may deem just and proper.

Class Action Complaint for Violation of the Federal Securities Laws

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: March 17, 2015   Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

Class Action Complaint for Violation of the Federal Securities Laws