**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   **CV 15-01970 SJO (PJWx)**        DATE:   **February 8, 2016**

TITLE:        **In Re: Resonant Inc. Securities Litigation**

========================================================================
PRESENT:  **THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                                  Not Present
Courtroom Clerk                                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**     **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                                      Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANTS' TERRY LINGREN, JOHN PHILPOTT, RESONANT INC., AND MDB CAPITAL GROUP'S MOTIONS TO DISMISS PLAINTIFFS WILLIAM E. HASKINS, BRENT KANESHIRO, AND ONIE BOLDUC'S COMPLAINT** [Docket Nos. 68, 71].

This matter is before the Court on Defendants MDB Capital Group, Terry Lingren, and John Philpott's (collectively "Defendants") twin Motions to Dismiss Plaintiffs William E. Haskins, Brent Kaneshiro, and Onie Bolduc's ("Plaintiffs") Consolidated Amended Complaint ("CAC") filed on November 30, 2015.[1]  Plaintiffs filed an Opposition to the Motions on January 4, 2016 ("Opposition").  Terry Lingren and John Philpott ("Individual Defendants"), and MDB Capital Group ("MDB") filed two separate Replies on January 30, 2016 ("Individual Defendants' Reply" and "MDB Reply").  The Court found this matter suitable for disposition without oral argument and vacated the hearing set for February 8, 2016.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **GRANTS** Defendants' Motions to Dismiss.

I.      Factual and Procedural Background

        A.      Factual Background

This is a federal securities class action brought by a class of Plaintiffs that purchased or otherwise acquired stock in Resonant, Inc. ("Resonant"), between the dates of May 28, 2014 and April 2, 2015 ("Class Period").  (CAC ¶ 1, ECF No. 57.)  Plaintiffs claim that Defendants' actions during the Class Period contravened Section 11 of the Securities Act of 1933, Section 10(b) of the Securities and Exchange Act of 1934, and Securities and Exchange Commission ("SEC") Rule

---

[1] Defendants filed two separate motions to dismiss, although each party joins in the motion filed by the other party.  Defendant MDB Capital Group filed a single motion to dismiss ("MDB Motion") on November 30, 2015.  (ECF No. 71.)  Defendants Terry Lingren and John Philpott filed the other motion to dismiss ("Individual Defendants' Motion") on November 30, 2015.  (ECF No. 68.)  The Court addresses both Motions in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:  **CV 15-01970 SJO (PJWx)**          DATE:  **February 8, 2016**

10b-5.  (CAC ¶ 2.)  Plaintiffs also contend that the Individual Defendants Lingren and Philpott violated Section 15 of the Securities Act and Section 20(a) of the Securities and Exchange Act, as controlling persons of Resonant.  (CAC ¶ 2.)  Plaintiffs' CAC makes the following allegations.

### 1.    The Parties

Defendant Resonant is a development stage company, which focuses on creating filter designs for Radio Frequency ("RF") Front Ends ("RF Front End") in the mobile device industry.  (CAC ¶ 134.)  Mobile communications devices, such as mobile telephones, work by transmitting and receiving digital information encoded as analog RF signals between the mobile device and a cellular base station.  (CAC ¶ 40.)  Resonant is a Delaware corporation that maintains its principal executive offices in Goleta, California.  (CAC ¶ 23.)

Defendant Terry Lingren is the founder of Resonant and has served as Resonant's Chairman of the Board and Chief Executive Officer at all times relevant to the Class Period.  (CAC ¶¶ 24, 52-53.)  Lingren signed the Registration Statement for Resonant's Initial Public Offering ("IPO"). (CAC ¶ 24.)  Defendant John Philpott has served as Resonant's Chief Financial Officer at all times relevant to the Class Period.  (CAC ¶ 25.)  Defendants Resonant, Lingren, and Philpott are referred to as the "Resonant Defendants," and Defendants Lingren and Philpott are referred to as the "Individual Defendants."  (CAC ¶¶ 27-28.)

Defendant MDB is a limited liability corporation organized under California law with its principal place of business located in Santa Monica, CA.  (CAC ¶ 26.)  MDB served as underwriter of Resonant's IPO.  (CAC ¶ 26.)  Defendants Resonant, Lingren, and MDB are referred to as the "Securities Act Defendants."  (CAC ¶ 29.)  Plaintiffs' claims against them concern misstatements and omissions on public filings made with the SEC.  (CAC ¶¶ 7-8, 34-71, 170-220.)

Co-Lead Plaintiffs William E. Haskins and Brent Kaneshiro ("Lead Plaintiffs"), and Plaintiff Onie Bolduc purchased Resonant stock during the Class Period, including shares traceable to Resonant's IPO.  (CAC ¶¶ 19-22.)

Skyworks Solutions, Inc. ("Skyworks") is a Delaware corporation with its principal executive offices located in Woburn, Massachusetts.  (CAC ¶ 30.)  Skyworks designs and manufactures analog semiconductors used in smartphones and other similar devices in the automotive, broadband, energy, industrial, medical, military and telecommunications industries.  (CAC ¶ 30.)

### 2.    The Development Agreement

From 2012, when Resonant's predecessor was first formed, to March 9, 2015, Resonant's only customer was Skyworks.  (CAC ¶ 4.)  Resonant was developing a single RF Filter product, the "Skyworks Duplexer," pursuant to a development agreement between Resonant and Skyworks ("Development Agreement").  (CAC ¶ 4.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:**  <u>CV 15-01970 SJO (PJWx)</u>          **DATE:**  <u>February 8, 2016</u>

The Skyworks Duplexer sought to build on developments in the mobile telephone industry.  (CAC ¶¶ 64-67.)  Mobile telephones have recently exceeded the bandwidth of the RF spectrum set aside by the government for such devices.  (CAC ¶ 47.)  To accommodate this growth, government regulators have opened new swathes of the RF spectrum for mobile telephones.  (CAC ¶ 47.)  As a result, the number of bandwidths on which mobile telephones operate has proliferated, and, in turn, the number of RF filters that mobile telephones must include has likewise proliferated.  (CAC ¶ 48.)  The Skyworks Duplexer was essentially a type of RF filter that tuned into single bandwidths that are harder to access for current technology.  (CAC ¶¶ 59-61.)

The Development Agreement set forth four different "Milestones" through which Resonant and Skyworks would progress towards completion of a Duplexer under specifications set out in the Development Agreement.  (CAC ¶ 68.)  The Milestones reflected a timeline of targets for the Development Agreement.  The fourth and last Milestone required Resonant to deliver a Duplexer that was "fully compliant" with Skyworks' specifications. (CAC ¶ 71.)  After Skyworks verified such compliance, it could choose to license the Duplexer design from Resonant, and Resonant would begin to generate revenue.  (CAC ¶¶ 5.)

### 3.    Initial Public Offering ("IPO")

On or about May 28, 2014, Resonant completed an IPO of 3.105 million shares of its common stock, with net proceeds to Resonant of $16.2 million.  (CAC ¶ 54.)  The IPO sought to raise money for development of the Skyworks Duplexer.  (CAC ¶ 55.) The IPO was conducted pursuant to a registration statement on Form S-1, filed by Defendants with the SEC on or about January 24, 2014, an amended registration statement dated March 24, 2014, an amended registration statement dated April 11, 2014, an amended registration statement dated May 16, 2014, an amended registration statement dated May 21, 2014, an amended registration statement dated May 27, 2014 (collectively, the "Registration Statements"), and a Prospectus dated May 28, 2014 (the "Prospectus").  (CAC ¶ 54.)  Resonant and Lingren signed the Registration Statements and Prospectus.  (CAC ¶ 24.)  MDB served as underwriter of Resonant's IPO.  (CAC ¶ 26.)

The Registration Statements and Prospectus purportedly promised that Resonant would deliver a Duplexer that was fully compliant with Skyworks' requirements.  (CAC ¶¶ 67-71.)  As represented in the IPO Offering Documents, proceeds from the IPO would fund Resonant's operations for the following two years, even if Resonant generated no revenues during such period.  (CAC ¶¶ 55, 75-76.)

### 4.    Central Allegations

Throughout the Class Period, Defendants allegedly made multiple representations concerning Resonant's progress with respect to completing the Skyworks Duplexer.  (CAC ¶ 7.)  Defendants' positive statements purportedly caused the market price of Resonant shares to become artificially inflated.  (CAC ¶ 7.)  Plaintiffs claim that Defendants' representations or omissions were false or misleading because Defendants omitted to disclose: (1) the specifications that the Skyworks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:   CV 15-01970 SJO (PJWx)          DATE:   February 8, 2016

Duplexer was required to meet, which would have allowed the market to independently assess the chances that such specifications could be met, (2) the fact that Resonant could not in fact meet Skyworks' requisite performance specifications for the Duplexer, and (3) that the final version of the Duplexer submitted to Skyworks at Milestone 4 would not comply with Skyworks' stated specifications.   (CAC ¶¶ 8, 80-116.)

Plaintiffs' CAC cites to numerous public statements made by Defendants concerning the development of the Skyworks Duplexer.  (CAC ¶¶ 82-116.)  For example, the Registration Statements, Prospectus, and press releases issued by Resonant purportedly contained untrue statements concerning the Development Agreement and Resonant's ability to meet the four Milestones set out by Skyworks.  (CAC ¶ 82.)  Plaintiffs allege that Defendants knew that the specifications of the Skyworks Duplexer were impossible to meet, even though they had promised to produce a Duplexer compliant with Skyworks' demands.  (CAC ¶¶ 117-21.)  Defendants apparently hoped that by delivering a "competitive product," they could still meet Skyworks' expectations.  (CAC ¶¶ 117-21.)

On February 26, 2015, Defendants disclosed to the public that the Milestone 4 version of the Duplexer that they had provided to Skyworks failed to meet the applicable specifications.  (CAC ¶¶ 9, 115.) At this time, Defendants purportedly disclosed that they had known that the specifications were impossible to meet during the entire Class Period.   (CAC ¶¶ 9, 115.) Defendants' February 26, 2015 corrective disclosures led the market to revalue Resonant, whose shares fell $5.07 per share from $15.47 per share to close on February 27, 2015 at $10.40 per share.  (CAC ¶ 10.)

Plaintiffs allege that, notwithstanding such disclosures, Resonant's share price continued to be artificially inflated after February 26, 2015.  Defendants apparently continued to insist that matters concerning Skyworks and the Skyworks Duplexer were "very positive" and left Resonant "exactly where we wanted to be."  (CAC ¶¶ 11, 122-29.)

On April 2, 2015, Defendants issued a press release and held a conference call with analysts and investors.  (CAC ¶ 12.)  Through these communications, Resonant disclosed that Skyworks had elected to terminate the Development Agreement.  (CAC ¶¶ 12.)  Resonant also purportedly conceded that the likelihood that Skyworks would license the Duplexer was reduced.  (CAC ¶¶ 12, 133-37.)  On the following trading day, April 6, 2015, Resonant shares lost 40.3% of their value, falling $2.98 per share from their April 2, 2015 closing price of $7.39 to close on April 6, 2015 at $4.41 per share.  (CAC ¶¶ 13-14.)

5.      Prior Proceedings

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CIVIL MINUTES - GENERAL**

**CASE NO.:  CV 15-01970 SJO (PJWx)**          **DATE:  February 8, 2016**

Plaintiffs subsequently brought the instant class action, alleging that Defendants violated federal securities laws by providing misinformation and withholding information concerning the development of the Skyworks Duplexer.  The CAC contains the following causes of action: (1) Resonant Defendants Lingren, Philpott, and Resonant, Inc. violated Section 10(b) of the Securities and Exchange Act and SEC Rule 10b-5, (2) Individual Defendants Lingren and Philpott violated Section 20(a) of the Securities and Exchange Act as controlling persons of Resonant, (3) Securities Act Defendants Resonant, Lingren, and MDB violated Section 11 of the Securities Act, and (4) Defendant Lingren violated Section 15 of the Securities Act, as a controlling person.

On March 17, 2015, John Paggos initially filed the Complaint in this case.  (*See generally* Compl., ECF No. 1.)  On June 9, 2015, the Court consolidated several related actions filed in the Central District of California and ordered that Lead Plaintiffs file a Consolidated Amended Complaint.  (*See generally* Order Regarding Consolidation of Related Actions, ECF No. 44.)  Lead Plaintiffs filed the CAC on September 24, 2015.  (*See generally* CAC.)  The instant Motions to dismiss followed.

II.      DISCUSSION

     A.      Standard for Motion To Dismiss

         1.      Rule 12b(6) Standard

In reviewing a motion to dismiss under Rule 12(b)(6), a court can consider the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citation omitted).  A court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) (citation omitted).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).

         2.      Applicability of Rule 9(b) to the Instant Case

As a threshold matter, the Court considers whether Federal Rule of Civil Procedure 8(a) or 9(b) governs the instant Motions.  When reviewing a motion to dismiss a case that does not allege fraud, Rule 12, which provides for dismissal of a plaintiff's cause of action for "failure to state a claim on which relief can be granted," Fed. R. Civ. P. 12(b)(6), "must be read in conjunction with" Federal Rule Civil Procedure 8(a) ("Rule 8").  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Rule 8 requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2).  Although the pleader is not required to plead "detailed factual allegations" under Rule 8, this standard demands "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft*

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CIVIL MINUTES - GENERAL**

CASE NO.:  **CV 15-01970 SJO (PJWx)**          DATE:  **February 8, 2016**

*v. Iqbal*,  556 U.S. 662, 678 (2009) (citation omitted).  Pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Where a complaint pleads sufficient facts "to raise a right to relief above the speculative level," a court may not dismiss the complaint under 12(b)(6).  *See Twombly*, 550 U.S. at 555.

"Securities fraud class actions must meet the higher, exacting pleading standards of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act (PSLRA)." *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 604 (9th Cir. 2014).  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Rule 9(b) and the PSLRA demand that "when averments of fraud are made, the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotations omitted).  Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged, setting forth "what is false or misleading about a statement, and why it is false." *Id.* (citation omitted). A complaint that fails to meet these standards will be dismissed.  *Id.* at 1107.

Plaintiffs and Defendants spend some time arguing over whether the Rule 9(b) standard applies to all of the causes of action in the CAC or just the claims Plaintiffs make under Section 10(b) and Rule 10b-5.  Plaintiffs contend that because the Section 11 claim is not grounded in fraud but rather in strict liability, it is subject to the pleading requirements of Rule 8.  (Opp'n 5-6., ECF No. 75.)  Defendants respond that the Section 10(b) and Section 11 claims are both premised on the same alleged misstatements or omissions and are therefore, part of a unified course of fraudulent conduct.  (MDB Reply 2, ECF No. 78.)  As a result, according to Defendants, both the Section 10(b) claims and the Section 11 claims are subject to Rule 9(b)'s heightened pleading requirements.   (MDB Reply 2.)

The Court finds Defendants' reasoning compelling and holds that the CAC must meet the heightened pleading requirements of Rule 9(b).  In securities class actions alleging violations of both Section 10(b) and Section 11, there are two distinct situations in which courts review the pleadings on a motion to dismiss.  On the one hand, the plaintiff may allege that defendants violated Section 10(a) through one fraudulent course of conduct and then that defendants violated Section 11 through a second, independent course of conduct that involved "innocent or negligent misstatements or omissions" in public filings. *See Knollenberg v. Harmonic, Inc.*, 152 F. App'x 674, 683 (9th Cir. 2005).  In these cases, Rule 9(b) applies to the Section 10(a) allegations, and Rule 8 applies to the Section 11 allegations. *Id.* at 678, 683. On the other hand, there are cases where "the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim." *Vess*, 317 F.3d at 1103.  In the latter cases, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:   CV 15-01970 SJO (PJWx)**          **DATE:   February 8, 2016**

plaintiff relies on the same misrepresentation or omission to state a cause of action under Section 10(b) and Section 11. *See In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012). As a result, Rule 9(b) applies to the entirety of the plaintiff's complaint.

The instant case falls under the latter umbrella, and therefore, Plaintiffs' CAC must meet the heightened pleading requirements of Rule 9(b). Although the CAC contains many separate alleged misstatements and omissions by Defendants, Plaintiffs essentially argue that, throughout the Class Period, Resonant publicly misstated and omitted the central fact that the specifications required by Skyworks could not be met by Resonant. (CAC ¶¶ 10-11, 122-29, 193-96.) Much like *In re Rigel*, where the Ninth Circuit held that Rule 9(b) applies to a case where the Section 10(b) and Section 11 claims relied on the "same alleged misrepresentations" from a single press release, Plaintiffs' Section 10(b) and Section 11 causes of action allege the same misrepresentation concerning the completion of the Skyworks Duplexer. *In re Rigel*, 697 F.3d at 886. Although the instant case differs from *In re Rigel* in that the misrepresentation here occurred several times, in both public filings subject to Section 11 as well as in other documents and oral communications subject only to Section 10(b), this does not change the Court's analysis. Ultimately, the Court must adjudicate whether Defendants' purported actions concerning the completion of the Duplexer constitute a misstatement or omission subject to federal securities laws. Defendants made this alleged misstatement or omission at the initial stage, continued to make the same misstatement or omission in subsequent public communications, and did not take any actions to correct themselves. Accordingly, Defendants purported actions are a case of "a unified course of fraudulent conduct." *Vess*, 317 F.3d at 1104. Where "a complaint employs the exact same factual allegations to allege violations of section 11 as it uses to allege fraudulent conduct under section 10(b) of the Exchange Act, [the Court] can assume that it sounds in fraud." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009).

There is also a policy rationale, tied to judicial efficiency concerns, that supports the use of the Rule 9(b) standard to adjudicate both Plaintiffs' Section 10(b) and Section 11 claims. In cases of securities fraud, it is not unusual for a defendant to make the same misstatement about a certain fact in both filings with regulators and in other, subsequent public communications, especially where the defendant seeks to cover up the initial misrepresentation. If the Court were to apply Rule 8 to Defendants' purported misstatements and omissions in the Registration Statements and Prospectus, and then Rule 9(b) to Defendants' identical misstatements elsewhere, this would lead to piecemeal litigation. The Court would be forced to impose differing pleading standards on the same nucleus of fraudulent actions and possibly dismiss actions under one standard while simultaneously retaining jurisdiction over the same actions under another standard. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)) (holding that one of the central purposes of Rule 9(b), to "'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'").

MINUTES FORM 11
CIVIL GEN                                  Page 7 of 11                        Initials of Preparer _____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CIVIL MINUTES - GENERAL**

CASE NO.:  **CV 15-01970 SJO (PJWx)**          DATE:  **February 8, 2016**

 

 

C.       Section 10(b) and Rule 10b-5

The Court now proceeds to consider the merits of Defendants' Motions.  On the Section 10(b) and Rule 10b-5 cause of action, Defendants primarily argue that Plaintiffs fail to state a claim, because the CAC does not allege sufficient facts to show that Defendants' purported misstatements and omissions were false or misleading **at the time they were made**.  (Individual Defs.' Mot. 7-8.) Plaintiffs, for their part, do not directly challenge this argument.  They conclusorily argue that in November 2014, when Defendants were completing Milestone 3, Defendants were aware that they would not be able to meet Skyworks' specifications.  (Opp'n 12-13.)  Moreover, they contend that in February 2015, nine months after the beginning of the Class Period, Lingren publicly disclosed that Resonant would not be able to meet Skyworks' specifications, which proves that Resonant's prior promises of producing the Skyworks Duplexer were false.  (Opp'n 3-4; CAC ¶ 119.)

"To plead a claim under section 10(b) and Rule 10b–5, the Plaintiffs must allege: (1) a material misrepresentation or omission; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation."  *Or. Pub. Emps. Ret. Fund*, 774 F.3d at 603.  To meet the first two prongs of this test, a plaintiff generally must show that "'particular facts in the complaint, taken as a whole, raise a strong inference that defendants intentionally or 'deliberate recklessness' made **false or misleading** statements to investors.'"  *Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001) (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 979 (9th Cir. 1999), as amended (Aug. 4, 1999)) (emphasis added).  The Ninth Circuit also has held that, under the PSLRA, a complaint must allege sufficient facts to prove that a purported misstatement was false or misleading at the time it was made.  *Id.* at 431.  *See also In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 553, 571 (S.D.N.Y. 2014) *aff'd*, 604 F. App'x 62 (2d Cir. 2015) ("A violation of Section 10(b) and Rule 10b–5 premised on misstatements cannot occur unless an alleged material misstatement was false **at the time it was made**.")

In the instant case, Plaintiffs do not point to contemporaneous information, known to Defendants at the time they made public filings or statements, that demonstrates that Defendants knew that producing the Skyworks Duplexer was impossible.  Instead, Plaintiffs rely on conclusory statements, arguing that Defendants were always aware of the impossibility of the venture that they had undertaken.  (CAC ¶ 80(e).)  For example, at the time of Resonant's May 2014 IPO, Resonant purportedly represented to its investors that it expected to complete Milestone 4, in which it was expected to deliver a Skyworks Duplexer compliant with Skyworks' demands by the end of 2014.  (CAC ¶ 72.)  Plaintiffs, however, do not allege any facts that show that, at this time, Resonant or the other Defendants were aware that producing a fully compliant Skyworks Duplexer would never happen.  Similarly, in Resonant's 10-Q public filing in November 2014, the company stated that it expected to complete the Skyworks Duplexer in time, but that it might not succeed

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:  CV 15-01970 SJO (PJWx)**          **DATE:  February 8, 2016**

in this venture: "if we are unable to complete the duplexer design under the development agreement or Skyworks declines to license the design, we will require additional financing. No assurance can be given that any form of additional financing can be obtained, that the terms of such financing will be acceptable or that such financing would not be dilutive to existing shareholders."  (CAC ¶ 76-77.)  The Registration Statements also contained the following statement:  "Skyworks has developed a set of proprietary specifications for our duplexer based on the demands of its customers. We expect to complete work on a production-ready duplexer design before the end of 2014." (CAC ¶ 82.)  Plaintiffs must allege specific facts that show that, at the time when Resonant issued its 10-Qs or its Registration Statements, Defendants were aware that they would definitely not complete the Skyworks Duplexer.  The CAC does not allege facts that show that the statements contained in the public communications by Defendants were false at the time that Defendants made these representations.

The Court notes that it is in the inherent nature of business ventures that promises made at an earlier stage may later turn out not to be true based on subsequent developments and hindsight. As with all business, some promises might not eventually bear dividends to investors.  Not all unkept promises can be the subject of securities litigation.  In the instant case, Plaintiffs have to allege contemporaneous facts showing that Defendants made promises concerning the Skyworks Duplexer, at both the initial stage and in subsequent communications, with no plans of meeting these promises.  In that case, there is a violation of Section 10(b) and Rule 10b-5.  Plaintiffs' CAC, however, does not meet this burden.  Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss the Section 10(b) cause of action **with leave to amend**.[2]

    D.    <u>Section 11</u>

---

[2]   Defendants' Motions also argue that Plaintiffs have not established the falsity of purported misstatements or omissions based on: (1) the "bespeaks caution" doctrine, (2) the PSLRA's "safe harbor" provisions," (3) the fact that the purported false statements are "corporate optimism and puffery," and (4) Resonant's warning to investors that its design might not meet Skyworks' specifications.  (Individual Defs.' Mot. 10-12.)  In addition, Defendants contend that Plaintiffs have not shown that Defendants acted with scienter. (Individual Defs.' Mot. 13-17.)  The Court declines to rule on these arguments at the current stage.  The Court dismisses the CAC but grants Plaintiffs leave to amend, to allege facts pertaining to Defendants' contemporaneous knowledge that their promises concerning the Skyworks Duplexer were false or misleading.  These amendments will touch on Defendants' scienter as well as Defendants' other challenges to Plaintiffs' Section 10(b) cause of action.

MINUTES FORM 11
CIVIL GEN                              Page 9 of 11                    Initials of Preparer _____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

**CASE NO.:** <u>CV 15-01970 SJO (PJWx)</u>          **DATE:** <u>February 8, 2016</u>

Defendants' central argument concerning their purported Section 11 violations mirrors the argument against the Section 10(b) allegations. According to Defendants, because Plaintiffs have not shown that Defendants misstatements and omissions in the Registration Statements and Prospectus were false or misleading at the time when the Statements were filed, the Court should dismiss the Section 11 cause of action. (Individual Defs.' Mot. 18-19.) Plaintiffs label this challenge as a "red herring" and, again, make conclusory statements that Defendants were aware of their inability to meet Skyworks' specifications, at the time when they publicly filed these documents with the SEC. (Opp'n 12.)

"Section 11 of the Securities Act of 1933 provides a cause of action against issuers, underwriters, auditors and all persons signing a registration statement that 'contain[s] an untrue statement of a material fact or omit[s] to state a material fact required to be stated therein or necessary to make the statements therein not misleading.'" *Scott v. ZST Digital Networks, Inc.*, 896 F. Supp. 2d 877, 883 (C.D. Cal. 2012) (quoting 15 U.S.C. § 77k(a)). "To prevail on a Section 11 claim, a plaintiff must demonstrate (1) that the registration statement contained a misrepresentation or omission; and (2) that the misrepresentation or omission was material." *Rieckborn v. Jefferies LLC*, 81 F. Supp. 3d 902, 914 (N.D. Cal. 2015). By definition, a plaintiff must show that a purported misstatement in a registration statement was misleading at the time the registration statement was issued. For example, "[a] claim under section 11 based on the omission of information must demonstrate that the omitted information existed at the time the registration statement became effective." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1164 (9th Cir. 2009). If subsequent developments make a statement in a public filing false or misleading, this does not mean that a defendant committed a misrepresentation when the defendant initially made the public filing.

Plaintiffs contend that the Registration Statements and Prospectus contained misrepresentations because these public documents claimed that Skyworks would receive a Duplexer that met their specifications, even though Defendants knew at the time they issued the documents that they could not deliver the correct Duplexer to Skyworks. (Opp'n 11-12.) As above, however, the CAC does not show that the Registration Statements and Prospectus were false or misleading at the time they were filed. To adequately state a cause of action under Section 11, Plaintiffs would have to allege facts showing that Defendants were aware that there was no way a Duplexer could be produced up to Skyworks specifications, at the time when they made the public filings. Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss the Section 11 cause of action **with leave to amend**.[3]

---

[3] Defendants' Motion argues that Plaintiffs have not adequately alleged damages under Section 11. (Defs.' Mot. 19-20.) MDB's Motion challenges the CAC based on the "bespeaks caution" doctrine as well as a due diligence defense. (MDB Mot. 9-14.) The Court declines to rule on these on these arguments at the current stage. The Court

MINUTES FORM 11
CIVIL GEN                          Page 10 of 11                    Initials of Preparer _____

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:   CV 15-01970 SJO (PJWx)**          **DATE:   February 8, 2016**

      E.      <u>Control Person Liability Claims</u>

The Court **GRANTS** Defendants' Motions to dismiss the Section 20(a) and Section 15 control person liability claims **with leave to amend**.  These two additional claims are premised on an underlying violation of the securities laws, which Plaintiffs have not adequately pled.  *See Or. Pub. Emps. Ret. Fund*, 774 F.3d at 610.

III.      <u>RULING</u>

The Court **GRANTS** Defendants' Motions.  "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.,* 942 F.2d 1467, 1472 (9th Cir. 1991).  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."  The Court **GRANTS** Plaintiff fifteen days from the date of this Order to file a Second Amended Consolidated Complaint. Defendant has fifteen days thereafter to file a response.

IT IS SO ORDERED.

---

dismisses the CAC but grants Plaintiffs leave to amend to allege facts pertaining to Defendants' contemporaneous knowledge that their promises concerning the Skyworks Duplexer were false or misleading.