**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| In re RESONANT INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br>All Actions | Master File No.<br>15-cv-01970 SJO (VBKx)<br><br>CLASS ACTION<br><br>**ORDER CLARIFYING THE COURT'S JULY 11, 2016 ORDER ON DEFENDANTS' MOTIONS TO DISMISS (DKT. NO. 99)**<br><br>Hon. S. James Otero |

**[PROPOSED] ORDER**

In the Court's July 11, 2016 Order on Defendants' Motions to Dismiss (the "Order") (Dkt. No. 99), the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' Consolidated Second Amended Class Action Complaint (the "SAC"). The Court denied the motion to dismiss Plaintiffs' claim under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder, and granted the motion to dismiss Plaintiffs' claim under Section 11 of the Securities Act of 1933 (the "Securities Act"). With respect to Plaintiffs' "control person" claims, the Court granted the motion to dismiss the claim brought under Section 20(a) of the Exchange Act, and denied the motion to dismiss the claim brought under Section 15 of the Securities Act.

Upon review of the parties' Joint Request for Clarification of the Court's Order, the Court concludes that the Order inadvertently transposed the two "control person" claims. Section 20(a) of the Exchange Act provides for joint and several liability against "controlling persons" for other violations of the Exchange Act (*see* 15 U.S.C. § 78t), and Plaintiffs assert that Defendants Lingren and Philpott are liable under Section 20(a) because of the underlying alleged violation of Section 10(b) and Rule 10b-5. *See* SAC ¶ 183. Conversely, Section 15 of the Securities Act provides for joint and several liability against "controlling persons" for violations of Section 11 of the Securities Act (*see* 15 U.S.C. § 77o), and Plaintiffs assert that Defendant Lingren is liable under Section 15 because of the underlying alleged violation of Section 11. *See* SAC ¶ 223.

The Court's actual intent was to grant the motion to dismiss with respect to the two claims asserted under the Securities Act (Section 11 and Section 15), while denying the motion to dismiss with respect to the two claims asserted under the Exchange Act (Section 10(b) and Section 20(a)).

Accordingly, the Court hereby clarifies the Order as follows:

The Court GRANTS Defendants' motions to dismiss as to the Section 15 claim.

The Court DENIES Defendants' motions to dismiss as to the Section 20(a) claim.

**IT IS SO ORDERED.**

DATED: _October 26, 2016_________ S. James Otero

_________________________________________

HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE