1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**WESTERN DIVISION**

11

12  | In re RESONANT INC.
    | SECURITIES LITIGATION

13

14  | This Document Relates To:
    | All Actions

15

16

17

Master File No.
15-cv-01970-SJO-MRW

Hon. S. James Otero

**STIPULATION OF SETTLEMENT**

18
19
20
21
22
23
24
25
26
27
28

**THIS STIPULATION OF SETTLEMENT,** dated March 31, 2017, is made and entered into by and among the following Settling Parties to this Litigation: (i) the Lead Plaintiffs (on behalf of themselves and each of the Settlement Class Members), by and through their counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.      THE LITIGATION

On March 17, 2015, a class action complaint, styled *John Paggos v. Resonant Inc., et al.*, 2:15-cv-01970-SJO (MRW), was filed against Defendants for claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5. On March 19, 2015, a substantially similar related action was filed with this Court entitled, *John Devouassoux v. Resonant Inc., et al.*, 2:15-cv-02054-SJO, asserting the same claims under the Exchange Act. Thereafter, on March 31, 2015, a substantially similar additional action was filed with this Court entitled, *Ramon Arias v. Resonant Inc., et al.*, 2:15-cv-02369-SJO, asserting the same claims under the Exchange Act. On June 9, 2015, the Court issued an Order consolidating these cases into the above-captioned master docket. Dkt. No. 44.

On August 7, 2015, the Court appointed movants William Haskins and Brent Kaneshiro as Lead Plaintiffs and their counsel to serve as Lead Counsel for the alleged class. Dkt. No. 52.

Lead Plaintiffs filed the Consolidated Class Action Complaint on September 24, 2015. Dkt. No. 57. The Consolidated Class Action Complaint alleged that Defendants made materially untrue statements in Resonant's Registration Statement dated May 28, 2014, and elsewhere, concerning Resonant's progress with respect to completing a duplexer for its sole customer. The Consolidated Class Action

STIPULATION OF SETTLEMENT
15-CV-01970-SJO-MRW

Complaint alleged claims under Sections 10(b) and 20(a) of the Exchange Act, Rule 10b-5, and Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").

Defendants moved to dismiss the Consolidated Class Action Complaint pursuant to Rule 12(b)(6) on November 30, 2015.  Dkt. Nos. 68, 71.  On February 8, 2016, the Court issued an Order granting Defendants' motions to dismiss with leave to amend.  Dkt. No. 82.

On February 23, 2016, Lead Plaintiffs filed their Consolidated Second Amended Class Action Complaint ("SAC").  Dkt. No. 83.  The SAC again alleged claims under Sections 10(b) and 20(a) of the Exchange Act, Rule 10b-5, and Sections 11 and 15 of the Securities Act.  Defendants moved to dismiss the SAC on March 22, 2016.  Dkt. No. 86.

On July 11, 2016, the Court issued an Order granting in part and denying in part Defendants' motions to dismiss.  Dkt. No. 99.  The Court's Order allowed Lead Plaintiffs' claims under Section 10(b) of the Exchange Act, Rule 10b-5 and Section 15 of the Securities Act to survive based on purported misstatements made in November and December of 2014 and January of 2015.  Dkt. No. 99.  The Court, however, dismissed Lead Plaintiffs' claims under Section 11 of the Securities Act and Section 20(a) of the Exchange Act with leave to amend.  Dkt. No. 99.  On October 26, 2016, the Court clarified that its intent in the July 11, 2016 Order (Dkt. No. 99) was to dismiss the claims under Section 11 and 15 of the Securities Act and allow claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 to proceed.  Dkt. No. 131.  On July 25, 2016, Lead Plaintiffs informed the Court that they had elected not to amend the SAC.  Dkt. No. 100.  Defendants answered the SAC on August 12, 2016.  Dkt. No. 111.

Lead Plaintiffs served Defendants with document requests on August 16, 2016.  Defendants made an initial document production consisting of approximately 18,000 pages.  Lead Plaintiffs also received approximately 2,400 pages of documents in response to a subpoena served on a third-party.

On November 30, 2016, the parties participated in a mediation session with the Honorable Edward A. Infante (ret.).  The mediation was not immediately successful, but it prompted additional negotiations between the parties (with Judge Infante's assistance) which ultimately resulted in a mediator's recommendation. The parties accepted the mediator's recommendation and a settlement in principle was reached on December 22, 2016.

## II.   CLAIMS OF LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs believe that the claims asserted in the action have merit and that the evidence developed to date supports the claims.  However, Lead Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the action against Defendants through trial and through appeals.  Lead Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this action, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiffs and their counsel also are mindful of the inherent problems of proof, and possible defenses to the securities law violations asserted in the action.  Lead Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class.  Based on their evaluation, Lead Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of Lead Plaintiffs and the Settlement Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiffs in the Litigation.  Defendants deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other things, the allegations that the Lead Plaintiffs or the Settlement Class have suffered damages

STIPULATION OF SETTLEMENT
15-CV-01970-SJO-MRW

1   and that the Lead Plaintiffs or the Settlement Class were harmed by the conduct
2   alleged in the SAC or its predecessor complaints.  Nonetheless, Defendants have
3   agreed to enter into the Settlement to avoid the expense, distraction, and time
4   associated with continuing the Litigation.  Defendants have concluded that further
5   conduct of the Litigation would be protracted and expensive and that it is desirable
6   that the Litigation be fully and finally settled in the manner and upon the terms and
7   conditions set forth in this Stipulation.  Defendants also have taken into account the
8   uncertainty and risks inherent in any litigation, especially in complex cases such as
9   this Litigation.  Defendants have, therefore, determined that it is desirable and
10  beneficial to them that the Litigation be settled in the manner and upon the terms
11  and conditions set forth in this Stipulation.  Nothing in this Stipulation shall be
12  construed or deemed to be evidence of an admission or concession on the part of
13  Defendants with respect to any claim or any fault or liability or wrongdoing or
14  damages whatsoever, or any infirmity in the defenses that Defendants have asserted
15  or may assert.

16  **IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

17          NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by
18  and among the Lead Plaintiffs, acting on behalf of themselves and all Settlement
19  Class Members, and Defendants, by and through their respective counsel or
20  attorneys of record, that, subject to the approval of the Court pursuant to Federal
21  Rule of Civil Procedure 23(e), the Litigation, the Released Claims, and all matters
22  encompassed within the scope of the releases set forth or referenced in this
23  Stipulation shall be finally, fully, and forever compromised, settled, and released,
24  and the Litigation shall be dismissed with prejudice as to all Released Persons,
25  upon and subject to the terms and conditions of the Stipulation, as follows:

26          **<u>DEFINITIONS</u>**

27          As used in this Stipulation, the following terms have the meanings specified
28  below:

1.1    "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation or by order of the Court.

1.2    "Claimant" means any Settlement Class Member who files a timely and valid Proof of Claim and Release in such form and manner, and within such time, as the Court shall prescribe.

1.3    "Claims Administrator" means JND Class Action Administration LLC.

1.4    "Company" means Resonant Inc.

1.5    "Court" means the United States District Court for the Central District of California.

1.6    "Defendants" mean together Resonant and the Individual Defendants.

1.7    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.1 of the Stipulation have been met and have occurred.

1.8    "Escrow Account" means the interest-bearing account controlled by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent for the benefit of Lead Plaintiffs and the Settlement Class until the Effective Date of the Settlement.

1.9    "Escrow Agent" means Kirby McInerney LLP or its successor(s).

1.10    "Fee and Expense Application" means the application or applications Lead Counsel may submit for an award of attorneys' fees not to exceed 33% of the Settlement Amount, plus expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court.

1.11    "Fee and Expense Award" means the order of the Court authorizing the payment from the Settlement Fund of Lead Counsel's attorneys' fees and expenses if and to the extent allowed by the Court.

1.12   "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed, or if such a motion is filed, an order denying such motion; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been noticed or taken; and (iii) if any appeal is taken, immediately after (a) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment, or (b) the date of final affirmance on appeal of the Judgment, the expiration of time for any further judicial review, whether, by appeal, reconsideration, or a petition for writ of certiorari and if, certiorari is granted, the date of final affirmance of the Judgment following review pursuant to such grant.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and/or expenses, the Plan of Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims; any proceeding or appeal pertaining solely to one or more of these excluded issues shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.13   "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, and whether the Court should enter a Judgment approving the proposed Settlement.

1.14   "Individual Defendants" means Terry Lingren and John Philpott.

1.15   "Insurer" means Defendants' insurer, XL Specialty Insurance Company.

1.16 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, in the form attached hereto as Exhibit B, or such other substantially similar form agreed to by the Settling Parties.

1.17 "Lead Counsel" means Levi & Korsinsky LLP and Kirby McInerney LLP.

1.18 "Lead Plaintiffs" means Williams Haskins and Brent Kaneshiro, appointed as Lead Plaintiffs by order of the Court dated August 7, 2015.

1.19 "Litigation" means this proceeding, *In re Resonant Inc. Securities Litigation*, Case No. 2:15-cv-01970-SJO, pending in the Court.

1.20 "Net Settlement Fund" means the Settlement Fund less (i) any Court-awarded attorneys' fees, costs, and expenses; (ii) any Court-approved award to Lead Plaintiffs; (iii) notice and administration costs; (iv) Taxes and Tax Expenses; and (v) other Court-approved deductions that occur before distribution of the proceeds of the Settlement Fund to the Settlement Class.

1.21 "Notice" shall mean the Notice of Proposed Class Action Settlement, in the form annexed hereto as Exhibit A-1 to the Preliminary Approval Order, or such other substantially similar form agreed to by the Settling Parties.

1.22 "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.23 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as

1   may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation,

2   and Defendants and their Related Persons shall have no responsibility therefore or

3   liability with respect thereto.

4   1.24   "Preliminary Approval Order" means the [Proposed] Order Granting

5   Preliminary Approval of Settlement and Directing Dissemination of Notice to

6   Class, in the form annexed hereto as Exhibit A, or such other substantially similar

7   form agreed to by the Settling Parties, as entered by the Court.

8   1.25   "Proof of Claim and Release" means a completed Proof of Claim and

9   Release, substantially in the form of Exhibit A-2 attached hereto, signed under

10   penalty of perjury and supported by such documents as are specified in the Proof of

11   Claim and Release, submitted as required under ¶ 6.3 herein.

12   1.26   "Related Persons" means each of the Defendants' past or present

13   directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals,

14   controlling shareholders, attorneys, accountants, auditors, bankers, underwriters,

15   investment advisors, personal or legal representatives, predecessors, successors,

16   parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, executors,

17   trustees, estates, administrators, related or affiliated entities, any entity in which a

18   Defendant has a controlling interest, any member of an Individual Defendant's

19   immediate family, any trust of which a Defendant is the settlor or which is for the

20   benefit of a Defendant and/or any member of an Individual Defendant's immediate

21   family, and any entity in which any Defendant and/or any member of an Individual

22   Defendant's immediate family has or have a controlling interest.

23   1.27   "Released Claims" means any and all claims (including Unknown

24   Claims as defined in ¶ 1.43 hereof), demands, rights, liabilities, and causes of action

25   of every nature and description whatsoever (including, but not limited to, any

26   claims for damages, restitution, rescission, interest, attorneys' fees, expert or

27   consulting fees, and any other costs, expenses, or liability whatsoever), whether

28   based on federal, state, local, statutory or common law or any other law, rule or

regulation, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, asserted or that could have been asserted by the Lead Plaintiffs or any Settlement Class Member against the Defendants and their respective Related Persons based upon, arising out of, or relating in any way to: (a) the allegations, matters, facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or could have been alleged in the Litigation, or (b) the purchase, acquisition, disposition, sale or retention of Resonant securities during the Settlement Class Period.  Expressly excluded from Released Claims are the matters set forth in paragraph 5.5 of this Stipulation and the claims asserted in the federal shareholder derivative action captioned *Doyle v. Lingren, et al.*, Case No. 2:15-cv-07568-SJO.

1.28   "Released Persons" means each and all of the Defendants and their Related Persons.

1.29   "Resonant" means Resonant Inc.

1.30   "SAC" or "Second Amended Complaint" means the Second Amended Consolidated Class Action Complaint, filed in the Litigation on February 23, 2016, Dkt. No. 83.

1.31   "Settlement" means the settlement between Lead Plaintiffs, on behalf of themselves and the Settlement Class Members, and the Defendants on the terms set forth in this Stipulation.

1.32   "Settlement Amount" means Two Million Seven Hundred and Fifty Thousand Dollars ($2,750,000).

1.33   "Settlement Class" means: (i) all Persons who purchased or otherwise acquired Resonant common stock on the open market between November 6, 2014 and February 26, 2015, inclusive.  Excluded from the Settlement Class are Defendants, members of the Defendants' immediate families, officers, directors, and subsidiaries of Resonant, any firm, entity, or corporation wholly owned by any

Defendant and/or any member(s) of a Defendant's immediate family, any trust of which an Individual Defendant or Resonant is the settlor or which is for the benefit of an Individual Defendant or Resonant and/or any member of their immediate families, and the legal representatives, heirs, or successors-in-interest of Resonant and the Individual Defendants.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

1.34   "Settlement Class Member(s)" means any Person who is a member of the Settlement Class.

1.35   "Settlement Class Period" means the period between November 6, 2014 and February 26, 2015, inclusive.

1.36   "Settlement Fund" means the principal amount of Two Million Seven Hundred and Fifty Thousand Dollars ($2,750,000), plus any accrued interest earned thereon.

1.37   "Settling Parties" means, collectively, the Defendants and the Lead Plaintiffs on behalf of themselves and the Settlement Class Members.

1.38   "Stipulation" means this Stipulation of Settlement, including the recitals and Exhibits hereto, each of which is incorporated by reference as though set forth in the Stipulation itself.

1.39   "Summary Notice" means the summary notice describing the Settlement of the Litigation and the hearing on the Settlement, in the form annexed hereto as Exhibit A-3 to the Preliminary Approval Order, or such other substantially similar form agreed to by the Settling Parties.

1.40   "Supplemental Agreement" means the confidential agreement executed between Lead Counsel and Defendants' counsel allowing for the termination of this Settlement under certain circumstances.

1.41   "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund.

STIPULATION OF SETTLEMENT
15-cv-01970-SJO-MRW

1.42   "Tax Expenses" means any tax-related expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶ 2.8.

1.43   "Unknown Claims" means any claims that the Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, would or might have affected his, her or its settlement with and release of the Released Persons, or would or might have affected his, her or its decisions with respect to this Settlement.  Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs upon the Effective Date shall expressly, fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code Section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542. Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims and the foregoing waiver were separately bargained for and a key element of the Settlement of which this release is a material and essential part.

## **THE SETTLEMENT**

### *The Settlement Fund*

2.1     In consideration of the terms of this Stipulation, Defendants shall cause their Insurer to cause certain payment(s) to be made to the Settlement Class, as set forth below, in full settlement of all Released Claims against the Released Persons. To enable timely payment, Lead Counsel shall provide Defendants' counsel and/or Insurer with wire instructions and a W-9. Within thirty (30) days of the entry of the Preliminary Approval Order granting preliminary approval of the Settlement or within thirty (30) days of provision of wire instructions and a W-9 by Lead Counsel pursuant to this ¶ 2.1 (whichever date is later), the sum of $2,750,000 (Two Million Seven Hundred and Fifty Thousand Dollars) shall be deposited by Insurer into the Escrow Account.

2.2     Subject to ¶¶ 2.9 and 6.1 below, the payments described in ¶ 2.1 are the only payments to be made by or on behalf of Defendants in connection with this

Settlement.  Subject to ¶¶ 2.9, 6.2 and 7.1-7.6 below, all fees, costs, and expenses incurred by or on behalf of the Lead Plaintiffs and the Settlement Class associated with this Settlement, including, but not limited to, Taxes, Tax Expenses, any administrative costs and costs of providing notice of the Settlement to Settlement Class Members, any Court-approved award to Lead Plaintiffs, and any award of attorneys' fees and expenses of Lead Counsel shall be paid from the Settlement Fund, and in no event shall Defendants and/or Resonant or their Related Persons bear any additional responsibility or liability for any such fees, costs, or expenses.

2.3     This is not a claims-made settlement.  Upon the occurrence of the Effective Date, neither Defendants nor any person or entity that paid any portion of the Settlement Fund on their behalf shall have any right of the return of the Settlement Fund or any portion thereof irrespective of the collective amount of recognized losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  In no instance shall any of the Defendants be required to pay any amount in excess of the Settlement Fund.

### *The Escrow Agent*

2.4     The Escrow Agent shall invest the Settlement Amount(s) deposited pursuant to ¶ 2.1 hereof in short term United States agency or other Treasury securities or other instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  Any funds held in escrow up to $250,000 may be held in a bank account insured to the extent possible by the Federal Deposit Insurance Corporation.  All risks related to the investment of the Settlement Fund shall be borne by the Escrow Agent, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent.

1    2.5    The Escrow Agent shall not disburse the Settlement Fund except as

2    provided in the Stipulation or by an order of the Court.

3    2.6    Subject to further order and/or directions as may be made by the Court,

4    or as provided in the Stipulation, the Escrow Agent is authorized to execute such

5    transactions as are consistent with the terms of the Stipulation.

6    2.7    All funds held by the Escrow Agent shall be deemed and considered to

7    be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the

8    Court, until such time as such funds shall be distributed or returned pursuant to this

9    Stipulation and/or further order(s) of the Court.

10    2.8    Without further order of the Court, the Settlement Fund may be used

11    by Lead Counsel to pay reasonable costs and expenses reasonably incurred in

12    connection with providing notice to the Settlement Class, locating Settlement Class

13    Members, assisting with the filing of claims, administering and distributing the Net

14    Settlement Fund to Authorized Claimants, processing Proof of Claim and Release

15    forms, and paying escrow fees and costs, if any.  If the Effective Date does not

16    occur, the Settlement Fund will be returned to the Insurer, less the costs or expenses

17    reasonably incurred in connection with providing notice to the Settlement Class and

18    administering the Settlement.  In no event shall the Released Persons have any

19    responsibility for or liability for the administration of the Settlement Fund.

20    ***Taxes***

21    2.9    (a)    The Settling Parties and the Escrow Agent agree to treat the

22    Settlement Fund as being at all times a "qualified settlement fund" within the

23    meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely

24    make such elections as necessary or advisable to carry out the provisions of this

25    ¶ 2.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1)

26    back to the earliest permitted date.  Such elections shall be made in compliance

27    with the procedures and requirements contained in such regulations.  It shall be the

28    responsibility of the Escrow Agent to timely and properly prepare and deliver the

1    necessary documentation for signature by all necessary parties, and thereafter to

2    cause the appropriate filing to occur.

3           (b)    For the purpose of §1.468B of the Internal Revenue Code of

4    1986, as amended, and the regulations promulgated thereunder, the "administrator"

5    shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all

6    informational and other tax returns necessary or advisable with respect to the

7    Settlement Fund (including, without limitation, the returns described in Treas. Reg.

8    §1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.9(a) hereof)

9    shall be consistent with this ¶ 2.9 and in all events shall reflect that all Taxes

10   (including any estimated Taxes, interest or penalties) on the income earned by the

11   Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.9(c)

12   hereof.

13          (c)    All Taxes and Tax Expenses shall be paid out of the Settlement

14   Fund; in no event shall the Released Persons or their counsel have any

15   responsibility for, or liability whatsoever with respect to, the Taxes or the Tax

16   Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and

17   hold each of the Released Persons harmless for any Taxes and Tax Expenses

18   (including, without limitation, Taxes payable by reason of any such

19   indemnification).  Further, Taxes and Tax Expenses shall be treated as, and

20   considered to be, a cost of administration of the Settlement Fund and shall be

21   timely paid by the Escrow Agent out of the Settlement Fund without prior order

22   from the Court and the Escrow Agent shall be authorized (notwithstanding anything

23   herein to the contrary) to withhold from distribution to Authorized Claimants any

24   funds necessary to pay such amounts, including the establishment of adequate

25   reserves for any Taxes and Tax Expenses (as well as any amounts that may be

26   required to be withheld under Treas.  Reg. §1.468B-2(1)(2)); neither the Released

27   Persons, their counsel, or their insurers are responsible, nor shall they have any

28   liability, with respect to any Taxes or Tax Expenses.  The Settling Parties agree to

STIPULATION OF SETTLEMENT
15-CV-01970-SJO-MRW

1  cooperate with the Escrow Agent, each other, and their tax attorneys and

2  accountants to the extent reasonably necessary to carry out the provisions of this

3  paragraph.

4        *Termination of the Settlement*

5        2.10   In the event that the Stipulation is not approved, or is terminated,

6  canceled, or fails to become effective for any reason (*see infra* ¶¶ 8.1-8.6), the

7  Settlement Amount, including accrued interest, less any reasonable expenses and

8  taxes paid, incurred or due and owing in connection with notice and administration

9  of the Settlement shall be refunded to the Insurer pursuant to written instructions

10  from Defendants' counsel to the Escrow Agent in accordance with Paragraph 8.4

11  herein.

12  **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL**

13  **HEARING**

14        3.1     Promptly after execution of the Stipulation, Lead Counsel shall submit

15  the Stipulation together with its Exhibits to the Court, and Lead Counsel shall apply

16  for entry of the Preliminary Approval Order, substantially in the form of Exhibit A

17  attached hereto, requesting, among other things, the preliminary approval of the

18  Settlement set forth in the Stipulation, and approval for mailing the Notice, in the

19  form of Exhibit A-1 attached hereto, or such other substantially similar form agreed

20  to by the Settling Parties, and publication of the Summary Notice, in the form of

21  Exhibit A-3 attached hereto, or such other substantially similar form agreed to by

22  the Settling Parties.

23        3.2     Lead Counsel shall request that after notice is given, the Court hold a

24  Final Approval Hearing to consider and determine whether to approve the

25  Settlement pursuant to the terms of this Stipulation as fair, reasonable, and

26  adequate, and whether the Judgment, substantially in the form of Exhibit B attached

27  hereto, should be entered approving the Settlement as set forth herein and

28  dismissing the Litigation with prejudice.  At the Final Approval Hearing, Lead

1   Counsel also will request that the Court approve the proposed Plan of Allocation

2   and the Fee and Expense Application.

3   **CERTIFICATION OF THE SETTLEMENT CLASS**

4   4.1    Solely for purposes of this Settlement, and subject to approval by the

5   Court, the Settling Parties agree that the Settlement Class shall be certified and

6   Lead Plaintiffs and Lead Counsel shall be appointed as representatives of the

7   Settlement Class pursuant to Federal Rule of Civil Procedure 23, as set forth in the

8   Preliminary Approval Order.  For settlement purposes only, and for no other

9   purpose than as set forth in and to effectuate this Stipulation, Defendants will not

10  object to such certification on the terms set forth in this Stipulation.  If the

11  Settlement Class is not certified, the Litigation will, for all purposes with respect to

12  the Settling Parties, revert to its status as of the day immediately preceding the

13  execution of the Stipulation.  In such event, (i) Defendants will not be deemed to

14  have consented to the certification of any class, (ii) the Stipulation concerning the

15  class definition or class certification shall not be used as evidence or in an argument

16  in support of class definition or class certification, and (iii) Defendants will retain

17  all rights to oppose class certification.

18  **RELEASES**

19  5.1    The satisfaction of the obligations incurred pursuant to this Stipulation

20  shall be in full and final disposition of the Litigation and any and all Released

21  Claims.

22  5.2    Upon the Effective Date, Lead Plaintiffs, and each and every

23  Settlement Class Member shall be deemed to have, and by operation of the

24  Judgment shall have, fully, finally, and forever released, relinquished, discharged,

25  and dismissed all Released Claims (including Unknown Claims) against the

26  Released Persons, whether or not such Settlement Class Member executes and

27  delivers a Proof of Claim and Release form, and whether or not such Settlement

28  Class Member shares in the Settlement Fund.

5.3     Upon the Effective Date, Lead Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims (including Unknown Claims) against any of the Released Persons, provided, however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the terms of the Stipulation and Settlement.

5.4     Upon the Effective Date, Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, the Settlement Class Members, Lead Counsel, plaintiff Onie Bolduc, Westerman Law Corp., and Glancy Prongay & Murray LLP from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, provided, however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the terms of the Stipulation and Settlement.

5.5     Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of Defendants with respect to their Insurer and/or the Insurer's Related Persons, including, but not limited to, any rights or claims under any directors' and officers' liability insurance or other applicable insurance coverage maintained by Resonant.

## ADMINISTRATION AND CALCULATION OF CLAIMS AND SUPERVISION AND DISTRIBUTION OF SETTLEMENT FUND

6.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2    The Settlement Fund shall be applied as follows:

(a)    to pay the fees and expenses reasonably and actually incurred in connection with providing notice, including:

i.    Printing and mailing of the Notice and Proof of Claim and Release to the Settlement Class;

ii.    Publication of the Summary Notice;

iii.    The Claims Administrator's costs and fees for services performed in connection with the administration of the Settlement contemplated by this Stipulation;

iv.    Costs to reimburse brokers or nominees in connection with dissemination of the Notice to the Class;

v.    Fees and expenses reasonably and actually incurred in locating Settlement Class Members;

(b)    to pay the fees and expenses reasonably and actually incurred in connection with assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, and processing Proofs of Claim;

(c)    to pay escrow fees and costs, if any;

(d)    to pay Taxes and Tax Expenses;

(e)    to pay any Court-approved award to Lead Plaintiffs;

(f)    after the Judgment is Final, to pay the Fee and Expense Award; and

(g)    after the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation and Plan of Allocation, as approved by the Court.

6.3    After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance

1   with the following.  Unless the Court order otherwise, all Proof of Claim forms,

2   substantially in the form of Exhibit A-2 attached hereto, must be signed under

3   penalty of perjury and supported by such documents as are specified in the Proof of

4   Claim and be postmarked and filed or submitted to the Claims Administrator no

5   later than 120 calendar days after the entry of the Preliminary Approval Order. All

6   Proofs of Claim must be submitted by the date specified in the Notice, unless such

7   period is extended by the Court.

8       6.4     Except as otherwise ordered by the Court, all Settlement Class

9   Members who fail to timely submit a Proof of Claim within such period, or such

10  other period as may be ordered by the Court, or otherwise allowed, shall be forever

11  barred from receiving any payments pursuant to the Settlement, but will in all other

12  respects be subject to and bound by the provisions of the Stipulation, the releases

13  contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel

14  shall have the discretion to accept late-submitted claims so long as distribution of

15  the Net Settlement Fund is not materially delayed thereby.

16      6.5     The Net Settlement Fund shall be distributed to Authorized Claimants

17  substantially in accordance with a Plan of Allocation set forth in the Notice and

18  approved by the Court.  If there is any balance remaining in the Net Settlement

19  Fund after six (6) months from the date of the initial distribution of the Net

20  Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise),

21  and after the Claims Administrator has made reasonable and diligent efforts to have

22  Authorized Claimants cash their distributions, Lead Counsel shall, if feasible,

23  reallocate such balance among Authorized Claimants who have cashed their initial

24  distributions, after payment of any unpaid costs or fees incurred in administering

25  the Settlement Fund for such redistribution.  Lead Counsel shall, if feasible,

26  continue to reallocate any further balance remaining in the Net Settlement Fund

27  after the redistribution is completed among Settlement Class members in the same

28  manner and time frame as provided for above. At such time as it is determined that

1   the redistribution of funds remaining in the Settlement Fund is not cost-effective,

2   the remaining balance which still remains in the Net Settlement Fund shall be,

3   subject to the payment of any additional previously unreimbursed fees, costs, and

4   expenses related to the administration of the Settlement, donated to an appropriate,

5   non-sectarian, non-profit 501(c)(3) charitable organization as determined by Lead

6   Counsel and approved by the Court.

7        6.6    Persons requesting exclusion from the Settlement Class shall be

8   requested to provide the following information to the Claims Administrator in the

9   manner described in the Notice: (i) name; (ii) address; (iii) telephone number; (iv)

10   number of shares of Resonant common stock purchased or otherwise acquired

11   during the Settlement Class Period; (v) the date of each such purchase or

12   acquisition and the price or other consideration paid; (vi) the date of each sale or

13   other disposal of any share of Resonant common stock during the Settlement Class

14   period and the price or other consideration paid; (vii) the number of shares of

15   Resonant common stock held immediately before the commencement of the

16   Settlement Class period; and (viii) a statement that the person or entity wishes to be

17   excluded from the Settlement Class.  Any request for exclusion must also be signed

18   by the person or entity requesting exclusion.

19        6.7    All Persons who submit valid and timely requests for exclusion in the

20   manner set forth in the Notice shall have no rights under the Stipulation, shall not

21   share in the distribution of the Net Settlement Fund, and shall not be bound by the

22   Stipulation or any final judgment.  The deadline for submitting requests for

23   exclusion shall be set by the Court, but shall be no later than twenty-one (21)

24   calendar days prior to the Final Approval Hearing.  Such requests for exclusion

25   must be postmarked and delivered to the Claims Administrator as set forth in the

26   Notice.

27        6.8    Copies of all requests for exclusion received by Lead Counsel,

28   together with copies of all written revocations of requests for exclusion, shall be

STIPULATION OF SETTLEMENT
15-CV-01970-SJO-MRW

1    delivered to Defendants' counsel within three (3) business days of receipt by Lead

2    Counsel but, with respect to timely requests for exclusion, in no event later than

3    twenty-one (21) calendar days before the Final Approval Hearing.

4        6.9    Defendants and Defendants' counsel shall have no role in,

5    responsibility for, interest in, or liability with respect to any of the following:

6    (a) any act, omission, or determination of Lead Counsel, the Escrow Agent, or the

7    Claims Administrator, or any of their respective designees or agents, in connection

8    with administering the Settlement; (b) the management, investment or distribution

9    of the Settlement Fund; (c) the Plan of Allocation; (d) the review, determination,

10   administration, calculation, or payment of any claims asserted against the

11   Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the

12   Settlement Fund; or (f) the payment or withholding of any taxes, expenses, and/or

13   costs incurred in connection with the taxation of the Settlement Fund or filing of

14   any returns.  No Person shall have any claim of any kind against the Released

15   Persons with respect to the administration, investment, distribution, and/or

16   supervision of the Settlement Fund, and Lead Plaintiffs, the Settlement Class

17   Members, and Lead Counsel release Defendants and Defendants' counsel from any

18   and all liability arising from or with respect to the administration, investment,

19   distribution, and/or supervision of the Settlement Fund. Notwithstanding the

20   foregoing, Defendants and Defendants' counsel agree to provide the Claims

21   Administrator, without any charge to the Settlement Fund, Lead Counsel or the

22   Claims Administrator, with Resonant's registered stockholder list as of (or around)

23   November 6, 2014, December 31, 2014 and February 26, 2015.

24       6.10   It is understood and agreed by the Settling Parties that any proposed

25   Plan of Allocation of the Net Settlement Fund including, but not limited to, any

26   adjustments to an Authorized Claimant's claim set forth therein, is not a part of this

27   Stipulation and is to be considered by the Court separately from the Court's

28   consideration of the fairness, reasonableness, and adequacy of the Settlement set

STIPULATION OF SETTLEMENT
15-CV-01970-SJO-MRW

forth in this Stipulation.  It is further understood and agreed by the Settling Parties that any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein (including the releases contained herein), or any other orders entered pursuant to this Stipulation.

## LEAD COUNSEL'S ATTORNEYS' FEES AND EXPENSES

7.1     Lead Counsel may submit the Fee and Expense Application for an award of attorneys' fees not to exceed 33% of the Settlement Amount, plus expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. Lead Counsel reserve the right to make additional applications for fees and expenses incurred in connection with the preservation of the Settlement Fund and/or the administration of the Settlement.  Defendants shall have no obligation to pay any portion of Lead Counsel's attorneys' fees or Litigation expenses, aside from payment due to the Settlement Fund, and shall take no position with respect to Lead Counsel's Fee and Expense Application.

7.2     The Fee and Expense Award, if and to the extent allowed by the Court, shall be available for distribution to Lead Counsel after entry of an order by the Court awarding such fees and expenses, in accordance with ¶ 6.2.  Lead Counsel may thereafter allocate the attorneys' fees among other Plaintiffs' counsel in a manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

7.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall

within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund (less the deductions provided in ¶¶ 2.8 and 2.9) to the Settlement Fund the fees and expenses previously paid to Lead Counsel from the Settlement Fund, plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal or modification.  Lead Counsel receiving fees and expenses, agree as a condition of receiving such fees and expenses, that they are subject to the jurisdiction of the Court for the purpose of enforcing this paragraph.

7.4     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth herein.

7.5     The Released Persons shall have no responsibility for, or liability with respect to, the payment of any Fee and Expense Award to Lead Counsel out of the Settlement Fund.

7.6     The Released Persons shall have no responsibility for the allocation among Lead Counsel and/or any other Person who may assert some claim thereto, and the Released Persons take no position with respect to such matters.

## CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

8.1   The Effective Date of this Stipulation shall be the date when all of the following shall have occurred and is conditioned on the occurrence of all of the following events:

(a)   The Court has entered the Preliminary Approval Order as described in ¶ 3.1 hereof;

(b)   The Insurer has paid or caused to be paid into the Escrow Account the amount(s) set forth in ¶ 2.1;

(c)   Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 8.3 hereof;

(d)   The Court has approved the Settlement substantially as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(e)   The Court has entered the Judgment, substantially in the form of Exhibit B attached hereto, or such other substantially similar form agreed to by the Settling Parties; and

(f)   The Judgment has become Final, as defined in ¶ 1.12 hereof.

8.2   Upon the occurrence of all of the events referenced in ¶ 8.1 hereof, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶ 8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶ 8.5 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to otherwise proceed with the Stipulation.

8.3   Defendants shall have the option in their sole discretion to terminate the Settlement in the event that Persons who purchased more than a certain amount of shares of Resonant common stock during the Settlement Class Period choose to exclude themselves from the Settlement Class, as set forth in a separate agreement executed between Lead Counsel and Defendants' counsel, which is incorporated by reference into this Stipulation.  The Supplemental Agreement will be

STIPULATION OF SETTLEMENT
15-CV-01970-SJO-MRW

"Confidential" pursuant to the terms of the Stipulated Protective Order entered by the Court on October 3, 2016 (Dkt. No. 119) and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) and further, it will not be filed with the Court unless ordered by the Court or unless a dispute among the Settling Parties concerning its interpretation or application arises and, in that event, the parties shall request that the Supplemental Agreement be filed and maintained under seal.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.

8.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or the Effective Date shall not occur for any reason, then within ten (10) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses and costs reasonably and actually incurred pursuant to ¶ 2.8 and Taxes and Tax Expenses that have been paid pursuant to ¶ 2.9 hereof, shall be refunded by Lead Counsel to the Insurer, pursuant to instructions to be provided in writing to the Escrow Agent by Defendants' counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to the Insurer.

8.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective for any reason, the Settling Parties shall be deemed to have reverted to their respective status and litigation positions in the Litigation as of the day immediately preceding the execution of the Stipulation.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 2.8-2.10, 8.3-8.4, and 8.6 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in

this Litigation or in any other proceeding for any purpose, and any judgment or

order entered by the Court in accordance with the terms of the Stipulation shall be

treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal

on appeal of any order of the Court concerning the Plan of Allocation or the amount

of any attorneys' fees, costs, expenses, and interest awarded by the Court shall

constitute grounds for cancellation or termination of the Stipulation.

8.6     Notwithstanding any provision herein to the contrary, if the Effective

Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither

the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any

amounts actually and properly disbursed pursuant to ¶¶ 2.8-2.9 hereof. In addition,

any expenses already incurred and properly chargeable pursuant to ¶ 2.8 hereof at

the time of such termination or cancellation, but which have not been paid, shall be

paid by the Escrow Agent in accordance with the terms of the Stipulation prior to

the balance being refunded in accordance with ¶¶ 2.10 and 8.4 hereof.

## NO ADMISSION OF WRONGDOING

9.1     The Settling Parties intend this Settlement to be a final and complete

resolution of all disputes between them with respect to the Litigation. The

Settlement compromises claims that are contested and shall not be deemed an

admission by any Settling Party as to the merits of any claim or defense. For the

purpose of the Court's findings and conclusions pursuant to Section 21D(c)(1) of

the Exchange Act, as amended by the Private Securities Litigation Reform Act of

1995, 15 U.S.C. § 78u-4(c), and Section 27 of the Securities Act, as amended by

the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(c), the

Settling Parties shall assert no claims of any violation of Rule 11 of the Federal

Rules of Civil Procedure relating to the prosecution, defense or settlement of this

Action. The Settling Parties agree that the terms of the Settlement were negotiated

at arm's length and in good faith by the Settling Parties, including in connection

with a mediation conducted by a professional mediator, and reflect a settlement that

1   was reached voluntarily after consultation with competent legal counsel.

2       9.2     Whether or not the Settlement is approved by the Court, and whether

3   or not the Settlement is consummated, the fact and terms of this Stipulation,

4   including its exhibits, all negotiations, discussions, drafts, and proceedings in

5   connection with this Settlement, and any act performed or document signed in

6   connection with the Settlement, shall not, in this or any other court, administrative

7   agency, arbitration forum, or other tribunal, constitute an admission of, or evidence

8   of, or be deemed to create any inference of:  (i) any acts of wrongdoing or lack

9   thereof; (ii) any liability on the part of any of the Defendants or the Released

10  Persons to Lead Plaintiffs, the Settlement Class, or anyone else; (iii) any deficiency

11  of any claim or defense that has been or could have been asserted in the Litigation;

12  or (iv) any damages, or lack of damages, suffered by Lead Plaintiffs, the Settlement

13  Class, or anyone else.

14      9.3     The Stipulation and the Settlement contained herein, and any act

15  performed or document executed pursuant to or in furtherance of the Stipulation or

16  the Settlement:  (a) is not nor may be deemed to be nor may be used as an

17  admission of, or evidence of, the validity of any Released Claim, or of any

18  wrongdoing or liability of Defendants; or (b) is not nor may be deemed to be nor

19  may be used as an admission of, or evidence of, any fault or omission of any

20  Defendant in any civil, criminal or administrative proceeding in any court,

21  administrative agency or other tribunal.  Defendants and their Related Persons may

22  file the Stipulation and/or the Judgment in any action that may be brought against

23  them in order to support a defense or counterclaim based on principles of *res*

24  *judicata*, collateral estoppel, release, good faith settlement, judgment bar or

25  reduction, or any other theory of, without limitation, claim preclusion or issue

26  preclusion or similar defense or counterclaim.

27      9.4     The Stipulation and the Settlement contained herein, and any act

28  performed or document executed pursuant to or in furtherance of the Stipulation or

- 28 -

1   the Settlement: shall not be construed against any Released Parties, any Class

2   Representative, or any other Settlement Class Member as an admission, concession,

3   or presumption that the consideration to be given hereunder represents the amount

4   that could or would have been recovered after trial; and shall not be construed as or

5   admitted in evidence as an admission, concession, or presumption against any Class

6   Representative or any other Settlement Class Member that any of their claims are

7   without merit or that damages recoverable under the Complaint would not have

8   exceeded the Settlement Amount.

9   **MISCELLANEOUS PROVISIONS**

10   10.1   The Settling Parties (a) acknowledge that it is their intent to

11   consummate this Settlement; and (b) agree to cooperate to the extent reasonably

12   necessary to effectuate and implement all terms and conditions of the Stipulation

13   and to exercise their reasonable best efforts to accomplish the foregoing terms and

14   conditions of the Stipulation and the Supplemental Agreement.

15   10.2   Pending final determination of whether the Stipulation should be

16   approved, Lead Counsel, Lead Plaintiffs, and the Settlement Class Members are

17   barred and enjoined from commencing or prosecuting any action asserting any

18   Released Claims against any Released Persons.

19   10.3   All agreements made and orders entered during the course of the

20   Litigation relating to the confidentiality of information shall survive this

21   Stipulation.

22   10.4   All of the Exhibits to the Stipulation are material and integral parts

23   hereof and are fully incorporated herein by this reference.

24   10.5   This Stipulation shall not be construed more strictly against one

25   Settling Party than another merely by virtue of the fact that it, or any part of it, may

26   have been prepared by counsel for one of the Settling Parties, it being recognized

27   that it is the result of arm's-length negotiations between the Settling Parties and that

28   all Settling Parties have contributed substantially and materially to the preparation

STIPULATION OF SETTLEMENT
15-CV-01970-SJO-MRW

of this Stipulation.

10.6   The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.7   The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

10.8   Lead Counsel, on behalf of the Settlement Class, are expressly authorized by the Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class that they deem appropriate.

10.9   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so.

10.10  The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

10.11  The Stipulation may be executed in one or more counterparts, including by signature transmitted by email in pdf format.  All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

10.12  The Stipulation shall be binding upon, and inure to the benefit of, the

1  successors and assigns of the parties hereto.

2      10.13 The Court shall retain jurisdiction with respect to implementation and

3  enforcement of the terms of the Stipulation, and all Settling Parties submit to the

4  jurisdiction of the Court for purposes of implementing and enforcing the Settlement

5  embodied in the Stipulation.

6      10.14 The Stipulation and the Exhibits hereto shall be considered to have

7  been negotiated, executed and delivered, and to be wholly performed, in the State

8  of California, and the rights and obligations of the parties to the Stipulation shall be

9  construed and enforced in accordance with, and governed by, the internal,

10  substantive laws of the State of California without giving effect to that State's

11  choice-of-law principles, except to the extent that federal law requires that federal

12  law govern.

13      10.15  If any party is required to give notice to the other parties under this

14  Stipulation, such notice shall be in writing and shall be deemed to have been duly

15  given upon receipt by hand delivery or electronic mail.  Notice shall be provided to

16  the counsel indicated on the signature block below.

17      10.16  The Settling Parties reserve the right, subject to the Court's approval,

18  to stipulate to any reasonable extensions of time that might be necessary to carry

19  out any of the provisions of this Stipulation.

20      10.17 Upon receiving any objections to the Settlement or requests for

21  exclusion pursuant to the Notice, the Claims Administrator shall promptly provide

22  Lead Counsel and Defendants' Counsel copies of those objections to the Settlement

23  or requests for exclusion.

24      10.18 To the extent that Defendants determine to provide notice under the

25  provisions of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, Defendants

26  alone shall bear that expense, as well as the responsibility of providing such notice.

27      IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to

28  be executed, by their duly authorized attorneys dated as of March 31, 2017.

1

2          DATED: March 31, 2017
3                                                    Nicholas I. Porritt
4                                                    Levi & Korsinsky LLP
                                                     Attorneys for Lead Plaintiffs
5

6          DATED: March 31, 2017
7                                                    Ira M. Press
8                                                    Kirby McInerney, LLP
                                                     Attorneys for Lead Plaintiffs
9

10

11         DATED: March 31, 2017
12                                                   James N. Kramer
                                                     Orrick Herrington & Sutcliffe LLP
13                                                   Attorneys for Resonant Inc., Terry
                                                     Lingren and John Philpott
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT
15-CV-01970-SJO-MRW