1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LEVI & KORSINSKY LLP**
ADAM C. MCCALL
445 South Figueroa Street, 31st Floor
Los Angeles, California 90071
Tel: 213-985-7290
amccall@zlk.com

*Attorneys for Lead Plaintiffs*
*William E. Haskins and Brent Kaneshiro*
*and Lead Counsel for Class*

[Additional counsel on signature page]

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In re RESONANT INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br>All Actions | Case No. 2:15-cv-01970 (SJO) (MRW)<br><br>**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION OF LEAD PLAINTIFF FOR AN ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF NOTICE TO THE CLASS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      May 1, 2017<br>Time:      10:00 a.m.<br>Courtroom: 10C - 10th floor<br>Judge: Hon.  S. JAMES OTERO |

### NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION

PLEASE TAKE NOTICE that Lead Plaintiffs William E. Haskins and Brent Kaneshiro, by their counsel, hereby move this Court pursuant to Federal Rule of Civil Procedure 23(e) for an order: (1) granting preliminary approval of the Stipulation of Settlement ("Stipulation") (filed contemporaneously herewith) and (2) directing dissemination of notice to the Settlement Class.  The Motion is set for hearing at 10:00 a.m. on May 1, 2017, in the courtroom of the Honorable S. James Otero, United States District Court, Central District of California, United States District Court, Central District of California, 350 W. 1st Street, Los Angeles, California 90012  -  Courtroom 10C.

In accordance with Local Rule 7-3, Defendants have reviewed this Notice of Motion, Motion, and the accompanying Memorandum of Points and Authorities in Support thereof and have indicated that they do not intend to oppose this Motion.

The Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities in Support thereof; the Stipulation and the exhibits filed therewith; all other pleadings and papers filed in this action; and such other matters as may be presented to the Court before or at the time of the hearing.

### STATEMENT OF ISSUES TO BE DECIDED

1. Whether the stipulation of settlement should be preliminarily approved.

2. Whether the proposed notice is adequate.

3. Whether provisional certification of a settlement class under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is appropriate.

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION ............ii

STATEMENT OF ISSUES TO BE DECIDED ...................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ....................................iii

I.      INTRODUCTION ..................................................................................... 1

II.     SUMMARY OF LITIGATION AND SETTLEMENT
        NEGOTIATIONS ..................................................................................... 2

        A.      Lead Plaintiffs' Claims and Allegations ................................... 2

        B.      Procedural History and Lead Counsel's Investigation ................ 3

        C.      Settlement Negotiations .............................................................. 5

III.    THE PROPOSED TERMS OF SETTLEMENT ..................................... 6

        A.      Settlement Class Definition ........................................................ 6

        B.      Monetary Consideration and Plan of Allocation ........................ 6

        C.      Release Provisions ..................................................................... 7

        D.      Attorneys' Fees and Reimbursement of Expenses ..................... 8

        E.      The Court's Continuing Jurisdiction ......................................... 8

IV.     PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT
        IS APPROPRIATE ................................................................................... 9

        A.      The Settlement Approval Process ............................................... 9

        B.      The Proposed Settlement Meets the Requirements for
                PreliminaryApproval .............................................................. 10

                1.      Amount Offered in Settlement ........................................ 11

                2.      The Extent of Discovery Completed and the Stage
                        of theProceedings ............................................................ 11

                3.      The Proposed Settlement Resulted from Arm's Length
                        Negotiations and Did Not Involve Any Collusion ............. 12

V.      PROVISIONAL CERTIFICATION OF THE SETTLEMENT
        CLASSUNDER RULE 23 IS APPROPRIATE ...................................... 12

A.   The Settlement Class Members Are So Numerous that Joinder IsImpracticable ................................................. 13

B.   Common Questions of Law or Fact Exist ..................................... 13

C.   Lead Plaintiffss Claims Are Typical of Those of the Settlement Class .............................................................. 14

D.   Lead Plaintiffs are Adequate Representatives of the Settlement Class .............................................................. 15

E.   The Requirements Of Rule 23(b)(3) Are Also Satisfied .............. 16

   1.   Common Legal and Factual Questions Predominate ............ 16

   2.   A Class Action is the Superior Means to Adjudicate Lead Plaintiffs' and Members of the Settlement Class's Claims ................................................................. 16

VI.   THE PROPOSED NATURE AND METHOD OF CLASS NOTICE ARE CONSTITUTIONALLY SOUND AND APPROPRIATE .......... 17

VII.   PROPOSED SCHEDULE ........................................................ 18

VIII.   CONCLUSION ................................................................... 19

NOTICE OF MOTION AND MOTION; MPA ISO PRELIMINARY APPROVAL
Case No. 2:15-cv-01970 SJO (MRW)

# <u>TABLE OF AUTHORITIES</u>

Cases

*Alberto v. GMRI, Inc.*,
    No. 07 Civ. 1895, 2008 WL 4891201 (E.D. Cal. Nov. 12, 2008) ............13

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) .......................................................................17, 18

*Bellows v. NCO Fin. Sys., Inc.*,
    No. 07 Civ. 01413, 2008 WL 5458986 (S.D. Cal. Dec. 10, 2008)...........13

*Browning v. Yahoo! Inc.*,
    No., 04 Civ. 01463, 2006 WL 3826714 (N. D. Cal. Dec. 27, 2006) ........11

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147(1982) ................................................................................16

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)........................................................*passim*

*In re Applied Micro Circuits Corp. Sec. Litig.*,
    No. 01 Civ. 0649, 2003 WL 25419526 (S.D. Cal. July 15, 2003)...........14

*In re Cement and Concrete Antitrust Litig.*,
    817 F.2d 1435 (9th Cir. 1987), *rev'd on other grounds*,
    *Cal. v. ARC Am. Corp.*,
    490 U.S. 93 (1989) ................................................................................19

*In re Equity Funding Corp. of Am Sec. Litig.*,
    603 F.2d 1353 (9th Cir. 1979)................................................................20

*In re Heritage Bond Litig.*,
    No. 02 MDL 1475 (DT), 2004 WL 1638201
    (C.D. Cal. July 12, 2004) .......................................................................15

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ..................................................10

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir.2008)..................................................................10

*In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act*
    *(FACTA) Litig.*,
    295 F.R.D. 438, 448 (C.D. Cal. 2014) ....................................................10

*Linney v. Cellular Alaska P'ship*,
    No. 96 Civ.3008, 1997 WL 450064 (N.D. Cal. July 18, 1997).................9

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ................................................................9

*Officers for Justice v. Civil Serv. Comm'n of the City & Cnty. of S.F.*,
    688 F.2d 615 (9th Cir. 1982)................................................................10

*Rodriguez v. Carlson*,
    166 F.R.D. 465 (E.D. Wash. 1996)........................................................15

*Schaefer v. Overland Express Family of Funds*,
    169 F.R.D. 124 (S.D. Cal. 1996) ..........................................................16

*Spann v. J.C. Penney Corp.*,
    314 F.R.D. 312 (C.D. Cal. 2016) ............................................................9

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003)..................................................................9

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993)..................................................................20


Other Authorities

*Manual for Complex Litigation*, Third, §23.14 (West ed. 1995) .................19, 20


Rules

Fed. R. Civ. P. 23...........................................................................13, 16

# I.   __INTRODUCTION__

Lead Plaintiffs William E. Haskins and Brent Kaneshiro ("Lead Plaintiffs") respectfully submit this memorandum in support of their unopposed motion for an order preliminarily approving the proposed settlement ("Settlement") of this action embodied in the Stipulation.[1] The proposed Settlement was reached after the parties engaged in hard-fought and arm's length settlement negotiations before the Hon. Edward A. Infante (Ret.). Following those negotiations, the parties agreed to the proposed Settlement which consists of $2,750,000 in cash.  If approved, it will fully resolve this action filed in March 2015 on behalf of a class of people who purchased or otherwise acquired common stock of Resonant Inc. ("Resonant" or the "Company") during the period between November 6, 2014 and February 26, 2015, inclusive (the "Settlement Class Period").

In determining whether preliminary approval is warranted, the sole issue before the Court is whether the proposed Settlement is within the range of what might be found to be fair, reasonable, and adequate so that notice of the proposed Settlement can be given to members of the Settlement Class and a hearing scheduled to consider final settlement approval.  The Settlement clearly meets these criteria.  As discussed below, while Lead Plaintiffs believe their claims are meritorious, significant issues exist with respect to liability and damages, and therefore the $2,750,000 cash fund that will be created under the parties' agreement represents a beneficial resolution of the Litigation and the Settlement is in the best interests of the Settlement Class.

---

[1] Unless otherwise stated, capitalized terms have the same meaning as in the Stipulation.

Because all the requirements for settlement approval are met, the Court should certify the Settlement Class for settlement purposes only. Also, because the Plan of Allocation is fair, reasonable and adequate, it should be preliminarily approved. Finally, the Court should schedule a final approval hearing to determine whether the proposed Settlement, the Plan of Allocation, and Lead Counsel's request for attorneys' fees and reimbursement of expenses should be finally approved as fair, reasonable and adequate.

## II.   SUMMARY OF LITIGATION AND SETTLEMENT NEGOTIATIONS

### A.   Lead Plaintiffs' Claims and Allegations

Lead Plaintiffs bring this action on behalf of all persons who purchased or otherwise acquired Resonant common stock during the period between November 6, 2014 and February 26, 2015, inclusive. Lead Plaintiffs' Consolidated Second Amended Class Action Complaint for Violation of Federal Securities Laws (the "Complaint") alleges that Defendants made false and/or misleading statements, and failed to disclose material adverse facts about the Company's ability to complete one of its core products, the Skyworks Duplexer. Specifically, the Second Amended Complaint alleges that Defendants failed to disclose: (1) the specifications that the Skyworks Duplexer was required to meet; (2) the fact that Resonant could not in fact meet Skyworks' requisite performance specifications for the Duplexer; and (3) that the final version of the Duplexer submitted to Skyworks at Milestone 4 would not comply with Skyworks' stated specifications. Lead Plaintiffs allege that shareholders were damaged on February 26, 2015 when the Company announced that the Milestone 4 version of the Duplexer that they had provided to Skyworks failed to meet the applicable specifications, and that the Company had known that the specifications were impossible to meet during the entire Settlement Class

2

Period.  On this news, shares of Resonant fell $5.07 per share, or approximately 32% from its previous closing price, to close at $10.40 per share on February 27, 2015.  Lead Plaintiffs allege that the stock price drops set forth above resulted in damages to them and other shareholders.

Defendants have denied and continue to deny all wrongdoing and maintain that their conduct was at all times proper and in compliance with applicable provisions of law.  Defendants have denied and continue to deny all of the claims and contentions alleged by the Lead Plaintiffs in this Litigation and deny that they have committed any of the wrongful acts or violations of law that are alleged in the Litigation, including that they made any material misrepresentations or omissions.  Defendants expressly have denied and continue to vigorously deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

**B.**     **Procedural History and Lead Counsel's Investigation**

On March 17, 2015 the original complaint was filed against Defendants Resonant, Terry Lingren, and John Philpott.    Two related actions were subsequently filed in this Court.    On June 9, 2015, the Court entered a consolidation order consolidating the cases into one action, *In re Resonant Inc. Securities Litigation*, Master File No. 15 Civ. 01970 (SJO) (VBKx). Subsequently, on August 7, 2015, the Court appointed Lead Plaintiffs to represent the Settlement Class, and approved Lead Plaintiffs' selection of Levi & Korsinsky LLP ("Levi & Korsinsky") and Kirby McInerney LLP ("Kirby McInerney") as Lead Counsel.

On September 24, 2015, Lead Plaintiffs filed the Consolidated Amended Class Action Complaint ("CAC") against Resonant, Terry Lingren, John Philpott, and MDB Capital Group, LLC (collectively the "Defendants"),

alleging that Defendants violated Section 11 of the Securities Act of 1933 (the "Securities Act") as well as Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder by providing misinformation and withholding information concerning the development of the Skyworks Duplexer.  (*See generally* CAC, (ECF No. 57).  Defendants filed Motions to Dismiss the CAC on November 30, 2015.  (ECF Nos. 68, 71).  The Court granted the motions with leave to amend.  (Order on Mot. to Dismiss, ECF No. 82).

Lead Plaintiffs filed the Complaint on February 23, 2016 alleging the same causes of action. (ECF No. 83).  Defendants filed Motions to Dismiss the Complaint on March 22, 2016.  (ECF Nos. 86, 90).  On July 11, 2016, the Court granted in part and denied in part Defendants' Motion to Dismiss, granting Defendants' Motions to Dismiss the Securities Act claims, but denying the Motions to Dismiss as to the Exchange Act claims for the period between November 6, 2014 and February 26, 2015.  (ECF No. 99).

Prior to filing the Complaint, Lead Counsel conducted an extensive investigation and analysis of the factual and legal issues involved in this Litigation both before and after the filing of the Complaint.  This investigation and analysis included: (a) review and analysis of relevant filings made by Resonant, with the United States Securities and Exchange Commission (the "SEC"); (b) review and analysis of the defendants' public documents, conference calls, and press releases; (c) review and analysis of securities analysts' reports and advisories concerning the Company; and (d) information readily obtainable on the Internet.

Lead Plaintiffs served extensive document requests and interrogatories to Defendants on August 16, 2016, and December 9, 2016.  In response, Defendants provided Lead Plaintiffs with approximately 18,000 pages of

4

documents.   Lead Plaintiffs also obtained 2,400 pages of documents from Skyworks Solutions, Inc., the entity that had hired Resonant to design and develop the Skyworks Duplexer.

On October 24, 2016, the parties appeared before the Court for a Scheduling Conference.   The Court set a schedule which, in pertinent part, required all discovery to be completed on or before June 19, 2017 and trial to be held on September 19, 2017.

### C.   Settlement Negotiations

On November 30, 2016, the parties participated in a mediation session with the Hon. Edward A. Infante (Ret.).   Counsel for all parties were present at the mediation as well as a representative and counsel from Resonant's insurance carrier.   The mediation was not immediately successful, but it prompted additional negotiations between the parties (with Judge Infante's assistance) which ultimately resulted in a mediator's recommendation.   The parties accepted the mediator's recommendation and a settlement in principle was reached on December 22, 2016 as to the material terms of the relief for the Settlement Class.   The Parties filed a Joint Stipulation to Notify the Court of Settlement on March 20, 2017.   At all times, the parties' negotiations were at arm's length and in good faith.

After reaching an agreement in principle regarding the relief to the Settlement Class, the parties began preparing the settlement documents, including the Stipulation, the class notice, the summary notice, the claim form, and the proposed orders granting final approval and entering final judgment. Over the next several weeks, the parties exchanged drafts of the settlement documents.   The parties finalized and executed the Stipulation on March 31, 2017.

NOTICE OF MOTION AND MOTION; MPA ISO PRELIMINARY APPROVAL
Case No. 2:15-cv-01970 SJO (MRW)

### III.   **THE PROPOSED TERMS OF SETTLEMENT**

#### A.   **Settlement Class Definition**

The Settlement Class includes all persons and entities who purchased or otherwise acquired Resonant common stock during the period between November 6, 2014 and February 26, 2015, inclusive.[2]

#### B.   **Monetary Consideration and Plan of Allocation**

Under the terms of the proposed Settlement, the parties have agreed that Defendants' insurer will make a cash payment of two million seven-hundred and fifty thousand dollars ($2,750,000) on behalf of Resonant, Terry Lingren, and John Philpott (the "Released Persons"), as set forth in greater detail in ¶ 1.28 of the Stipulation.  The $2.75 million in cash will be deposited into the Settlement Fund (as defined in ¶ 1.36 of the Stipulation) within thirty (30) calendar days after the Court executes an order granting preliminary approval of the Settlement or after the provision of wire transfer and payment information, whichever date is later.  *See* Stipulation at ¶ 2.1.

Lead Counsel has considered the issues of liability and damages in determining an appropriate proposed Plan of Allocation.  Lead Counsel did not favor or consider the particular trading history of the Lead Plaintiffs or of any other individual member of the Settlement Class in crafting this plan.

---

[2] Excluded from the Settlement Class are Defendants, members of the Defendants' immediate families, officers, directors, and subsidiaries of Resonant, any firm, entity, or corporation in which any Defendant and/or any member(s) of a Defendants' immediate family has or have a controlling interest, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and the legal representatives, heirs, or successors-in-interest of Defendants.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Proposed Class Action Settlement.

A copy of the Plan of Allocation is set forth in the Notice of Proposed Class Action Settlement, pages 5 to 6, at Exhibit A-1 to the Stipulation. *See* Stipulation at Ex. A-1, pp. 4-6.

## C.   <u>Release Provisions</u>

Upon the Effective Date, as defined in ¶ 1.7 of the Stipulation, Lead Plaintiffs, and each and every member of the Settlement Class member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Settlement Class member executes and delivers a Proof of Claim and Release form, and whether or not such Settlement Class member shares in the Settlement Fund.  Released Claims shall mean any and all claims (including Unknown Claims as defined in ¶ 1.43 of the Stipulation), duties, debts, demands, rights, disputes, suits, matters, damages, losses, obligations, proceedings, issues, judgments, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, whether compensatory, consequential, special, punitive, exemplary or otherwise; restitution, rescission; interest; attorneys' fees; expert or consulting fees; and any other costs, expenses, charges, or liability whatsoever), whether based on federal, state, local, statutory, common, administrative, or foreign law or any other law, rule or regulation, or at equity, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, liquidated or unliquidated, accrued or unaccrued, matured or unmatured, at law or in equity, whether class, derivative, or individual in nature, which now exist, or heretofore have existed, been asserted, or that could have been asserted by the Lead Plaintiffs or any Settlement Class member against Defendants, Resonant, and

7

their respective Related Persons based upon, arising out of, or relating in any way to: (i) the allegations, matters, facts, transactions, events, occurrences, disclosures, statements, acts, omissions, or failures to act that were or could have been alleged in the Litigation, or (ii) the purchase, acquisition, disposition, or sale of Resonant common stock during the Settlement Class Period. Expressly excluded from Released Claims are the matters set forth in ¶ 1.27 of the Stipulation.

### D.   Attorneys' Fees and Reimbursement of Expenses and Request for Incentive Award

Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed thirty-three percent (33%) of the total Settlement Fund (or approximately $907,500). *See* Stipulation at ¶ 7.1. Lead Counsel will also apply to the Court for a reimbursement of its reasonable expenses incurred through the Litigation. *See id.*

Lead Counsel also intends to seek an incentive award in the amount of $5,000 for each Lead Plaintiff, William E. Haskins and Brent Kaneshiro, in connection with their efforts in this litigation.

### E.   The Court's Continuing Jurisdiction

If the Court grants final approval of the proposed Settlement, the parties will request that the Court enter a final judgment of dismissal. The Court will retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, and all parties agree to submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement. *See* Stipulation at ¶ 10.13.

## IV.    PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE

### A.    The Settlement Approval Process

Rule 23(e) requires that before a class action is dismissed or compromised, notice of the proposed dismissal or compromise must be given in the manner directed by the Court and judicial approval must be obtained.  To that end, the Court must find that the proposed settlement is "fundamentally fair, adequate, and reasonable."  *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citations omitted)).   A settlement agreement "following sufficient discovery and genuine arms-length negotiation is presumed fair." *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004); *see Linney v. Cellular Alaska P'ship*, No. 96 Civ. 3008, 1997 WL 450064, at *5 (N.D. Cal. Jul. 18, 1997).

Moreover, the Ninth Circuit has a policy favoring settlement, "particularly where complex class action litigation is concerned." *In re Toys "R" Us-Del., Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 448 (C.D. Cal. 2014) (quoting *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir.2008)); *see also Officers for Justice v. Civil Serv. Comm'n of the City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (stating that "it must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution.  This is especially true in complex class action litigation . . . .").  The court's inquiry into the settlement agreement is ultimately limited to the extent necessary to make a judgment that the agreement is not "the product of fraud or overreaching by, or collusion between, the negotiating parties . . . ." *Id.* (internal citations omitted).  Thus, the court need "not reach the merits of the case or form conclusions about the underlying questions of law or fact" in

1  determining the fairness, reasonableness and adequacy of a settlement

2  agreement. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D.

3  Cal. 2008).

4      **B.    The Proposed Settlement Meets the Requirements for**

5           **Preliminary Approval**

6      At the preliminary approval stage, the Court must conduct a "prima facie

7  review of the relief and notice" provided by the settlement agreement before the

8  Court orders notice to be sent. *Browing v. Yahoo! Inc.*, No. 04 Civ. 01463, 2006

9  WL 3826714, at *4 (N.D. Cal. Dec. 27, 2006).  The court must find the release

10  to be "fair and reasonable" and the notice to be "adequate."  *Id.* at *6-8.

11  Ultimately, in making a final determination of whether the proposed Settlement

12  is fair, adequate, and reasonable, the Court will balance some or all of the

13  following factors:

> [T]he strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the state of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

19  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

20  Consideration of these factors shows that the proposed Settlement now before

21  the Court falls squarely within the range of reasonableness warranting notice of

22  the proposed Settlement to members of the Settlement Class and scheduling a

23  final approval hearing.

24      Lead Plaintiffs believe that the case has merit and that he has evidence to

25  establish Defendants' liability.   Nevertheless, Lead Plaintiffs recognize that,

26  were they to continue prosecution of this action, they would face substantial

27  risks.  For their part, Defendants have denied the material allegations of the

28

Complaint and have vigorously asserted that Resonant shareholders have not sustained any damages as a result of the alleged misconduct.

In view of these factors, without a settlement, Lead Plaintiffs and Settlement Class Members face a very real risk in this case that they could recover far less than the Settlement amount—or even nothing—without the Settlement.  In all events, protracted and highly complex further litigation without a reasonably predictable outcome would ensue if this case were not resolved at this time.

### 1.      Amount Offered in Settlement

As discussed above, a Settlement Fund of $2,750,000 in cash will be created under the terms of the proposed Settlement.  Given the issues Lead Plaintiffs face regarding establishing liability, loss causation, and damages, there is a substantial risk that nothing would be recovered if this case were to proceed to trial.  Thus, the $2,750,000 in cash is reasonable under the circumstances.

### 2.      The Extent of Discovery Completed and the Stage of the Proceedings

The parties reached the proposed Settlement after substantial discussions and a formal mediation before Judge Infante.  Lead Plaintiffs conducted months of discovery, including written discovery and document production.  Further litigation would only serve to further deplete the resources available to defend the case, and may have reduced the potential recovery for the Settlement Class. Thus, Lead Counsel conducted a thorough examination regarding the impact of Defendants' alleged conduct on members of the Settlement Class and the alleged damages, and were able to act intelligently in negotiating the proposed Settlement.

**3.** **The Proposed Settlement Resulted from Arm's Length Negotiations and Did Not Involve Any Collusion**

The Settlement is the result of informed, arm's length and hard-fought negotiations between Lead Counsel and Defendants' counsel overseen by Judge Infante.  There can be no claim of collusion here.

Moreover, counsel for each party is experienced and thoroughly familiar with the factual and legal issues. Courts recognize that the opinion of experienced and informed counsel supporting a settlement is entitled to considerable weight.  *See Bellows v. NCO Fin. Sys., Inc.*, No. 07 Civ. 01413, 2008 WL 5458986, at *8 (S.D. Cal. Dec. 10, 2008) (finding that "it is the considered judgment of experienced counsel that this settlement is a fair, reasonable, and adequate settlement of the litigation, which should be given great weight"); *see also Alberto v. GMRI, Inc.*, No. 07 Civ. 1895, 2008 WL 4891201, at *10 (E.D. Cal. Nov. 12, 2008) (stating that "when approving class action settlements, the court must give considerable weight to class counsel's opinions due to counsel's familiarity with the litigation and its previous experience with class action lawsuits").

For the reasons summarized above, Lead Counsel believes, based on their experience, knowledge of the strengths and weaknesses of the case, and all other factors considered in evaluating proposed class action settlements, that the proposed Settlement is fair, reasonable, and adequate and in the best interests of the members of the Settlement Class.

## V.   PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS UNDER RULE 23 IS APPROPRIATE

For the sole purpose of implementing the proposed Settlement, Lead Plaintiffs seek, and Defendants agree to, the certification of a Settlement Class defined as all persons and entities who purchased or otherwise acquired

12

Resonant common stock on the public market between November 6, 2014 and February 26, 2015, inclusive.  Before a class may be certified, the following requirements of Rule 23(a) must be satisfied: (a) the class is so numerous that joinder of all class members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (d) the representative parties will fairly and adequately protect the interests of the class.  *See Hanlon,* 150 F.3d at 1019.

As discussed below, certification of a settlement class is appropriate here.

A.   **The Settlement Class Members Are So Numerous that Joinder Is Impracticable**

While the precise number of members of the Settlement Class is unknown, the number certainly exceeds any number considered practical for joinder.  As of November 9, 2016, the issuer had 12,442,279 shares of common stock issued and outstanding.  Indeed, courts routinely hold that Rule 23(a)'s numerosity requirement is satisfied under similar facts.  *See In re Applied Micro Circuits Corp. Sec. Litig.*, No. 01 Civ. 0649, 2003 WL 25419526, at *3-4 (S.D. Cal. July 15, 2003) (finding numerosity where the company issued millions of shares and the class is presumed to have thousands of members).  From this information, one may conclude that there are likely thousands of members in the Settlement Class.  The threshold for a presumption of impracticability is thus easily met.  *See Hanlon*, 150 F.3d at 1019.

B.   **Common Questions of Law or Fact Exist**

In order to maintain a class action, there must be "questions of law *or* fact common to the class . . . ."  Fed. R. Civ. P. 23(a)(2) (emphasis added).  Construed liberally like the other Rule 23 requirements, commonality does not "require all questions of law and fact to be common."  *In re Heritage Bond*

*Litig.*, No. 02 MDL  1475 (DT), 2004 WL 1638201, at *3 (C.D. Cal. July 12, 2004) (finding that "it is not necessary that every issue of law or fact be identical"); *see also Rodriguez v. Carlson*, 166 F.R.D. 465, 472 (E.D. Wash. 1996).

This case presents numerous common questions of both law *and* fact. Here, questions of law and fact common to all members of the Settlement Class include:

(a)     Whether the federal securities laws were violated by Defendants' acts as alleged in the Complaint;

(b)     Whether the misstatements and omissions alleged herein were made with scienter;

(c)     Whether the statements made by Defendants to the investing public during the Class Period misrepresented material facts about the Skyworks Duplexer;

(d)     Whether the prices of Resonant common stock during the Class Period were artificially inflated because of Defendants' conduct complained of herein; and

(e)     To what extent the members of the Class have sustained damages, and the proper measure of damages.

Accordingly, Rule 23(a)(2) is met.

### C.     Lead Plaintiffs' Claims Are Typical of Those of the Settlement Class

A plaintiff's claims will be deemed typical if "they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020; *see also Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 128-29 (S.D. Cal. 1996) (finding that typicality was met even though defendant claimed that the vast majority of

14

shares were purchased by institutional investors rather than small investors and that plaintiff relied on oral representations of his broker).  The heart of the inquiry is whether the representative's claims and the class claims are interrelated so that class treatment is economical.  *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

Here, Lead Plaintiffs' claims are similar to the claims of the other Settlement Class members.  Defendants' alleged course of conduct described in the Complaint uniformly affected all Settlement Class members, as they each allegedly suffered economic injury from the decline in market value following the corrective disclosures.  Lead Plaintiffs' claims are typical of the other Settlement Class members because, like all other Settlement Class members, they allegedly were injured when the truth about the Company was revealed.  Thus, the typicality requirement of Rule 23(a)(3) is met.

**D.**   **Lead Plaintiffs are Adequate Representatives of the Settlement Class**

The purpose of the adequacy requirement is to "uncover conflicts of interest between named parties and the class they seek to represent."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594, 625 (1997).  The factors relevant to a determination of adequacy are: (1) the absence of potential conflicts between the named plaintiff and his counsel with other class members; and (2) that counsel chosen by the representative party is qualified, experienced and able with the named plaintiff to vigorously conduct the litigation.  *See Hanlon,* 150 F.3d at 1020.

There are no apparent conflicts of interest between Lead Plaintiffs and the absent members of the Settlement Class.  Indeed, Lead Plaintiffs have been committed to the vigorous prosecution of this action from the outset and have reached a resolution that they believe is in the best interests of the Settlement

Class.   Lead Plaintiffs have shown that they are more than adequate representatives.   Moreover, the Court previously determined that Lead Counsel were qualified to represent the Settlement Class.

### E.   The Requirements Of Rule 23(b)(3) Are Also Satisfied

Rule 23(b)(3) authorizes class certification where, in addition to the requirements of Rule 23(a), common questions of law *or* fact predominate over any individual questions and a class action is superior to other available means of adjudication.   *See Amchem,* 521 U.S. at 607.   This case easily meets Rule 23(b)(3)'s requirements.

### 1.   Common Legal and Factual Questions Predominate

"Predominance is a test readily met in certain cases alleging . . . securities fraud . . . ."   *Amchem*, 521 U.S. at 625.   In this securities fraud case, Defendants' alleged liability arises from their conduct with respect to the Skyworks Duplexer.   Whether Defendants' publicly disseminated releases and statements during the Settlement Class Period omitted and/or misrepresented material facts is the central issue in this case and predominates over any individual issue that theoretically might arise.   *See Hanlon*, 150 F.3d at 1022 (stating that Rule 23(b)(3) is satisfied where "[a] common nucleus of facts and potential legal remedies dominates [the] litigation").   Thus, the predominance requirement is satisfied here.

### 2.   A Class Action is the Superior Means to Adjudicate Lead Plaintiffs' and Members of the Settlement Class's Claims

The second prong of Rule 23(b)(3) is essentially satisfied by the proposed Settlement itself.   As explained in *Amchem*, "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial."   521 U.S. at 620 (citing Fed. R. Civ. P. 23(b)(3)(D)).

1  Thus, any manageability problems that may have existed here—and Lead
2  Plaintiffs know of none—are eliminated by the Settlement.  In any event, given
3  the alternatives, *e.g.*, unnecessarily burdening the judiciary with numerous
4  actions involving relatively small amounts of damages, which "would prove
5  uneconomic for potential plaintiffs" where "litigation costs would dwarf
6  potential recovery," resolving this case on a class-wide basis is clearly
7  preferable.  *Hanlon*, 150 F.3d at 1023.

8  **VI.   THE PROPOSED NATURE AND METHOD OF CLASS NOTICE**
9  **ARE CONSTITUTIONALLY SOUND AND APPROPRIATE**

10  Preliminary approval of the proposed Settlement permits notice to be
11  given to the members of the Settlement Class of a hearing on final settlement
12  approval, at which they and the settling parties may be heard with respect to
13  final approval.  *See Manual for Complex Litigation*, Third, §23.14 (West ed.
14  1995).  Here, the parties propose that notice be given principally by U.S. mail.
15  *See* Stipulation at ¶ 6.1.  In addition, the Stipulation provides for publication of a
16  summary notice, which will be published on the claims administrator website
17  and in the national edition of *Investor's Business Daily. See id.*

18  The proposed form of mailed notice (Exhibit A-1 to the Stipulation),
19  provides the following details of the Stipulation to prospective members of the
20  Settlement Class in a fair, concise and neutral way: (1) the existence of and their
21  rights with respect to the class action, including the requirement for timely
22  opting out of the Settlement Class; and (2) the Settlement with Defendants and
23  their rights with respect to the Settlement.  The proposed form of summary
24  notice (Exhibit A-3 to the Stipulation), provides essential information about the
25  Litigation and the Settlement, including an address for potential class members
26  to write in order to obtain the full long form of notice.

27
28

The means and forms of notice proposed here constitute valid and sufficient notice to the Settlement Class, the best notice practicable under the circumstances, and comply fully with the requirements of Rule 23 and due process.  *See e.g.*, *In re Cement and Concrete Antitrust Litig.*, 817 F.2d 1435, 1440 (9th Cir. 1987), *rev'd on other grounds*, *Cal. v. ARC Am. Corp.*, 490 U.S. 93 (1989) (stating that "notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard'") (internal citation omitted); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993); *In re Equity Funding Corp. of Am Sec. Litig.*, 603 F.2d 1353, 1361 (9th Cir. 1979) (directing that class notice must "present a fair recital of the subject matter and proposed terms" and provide "an opportunity to be hear to all class members") (internal citation omitted); *see also Manual Third* § 30.41 (approving use of combined class notice and settlement notice where appropriate).

## VII.   <u>PROPOSED SCHEDULE</u>

Lead Plaintiffs respectfully request the Court schedule the dates required by, and set forth in the [Proposed] Order Granting Preliminary Approval of Settlement and Directing Dissemination of Notice to Class, which Lead Counsel will present to the Court at the hearing on May 1, 2017.  Specifically, Lead Plaintiffs request the Court schedule the following dates:

| Event | Time for Compliance | Proposed Date |
|---|---|---|
| Deadline for Defendants to provide security holder lists to Claims Administrator | Within 14 business days of the Preliminary Approval Order (Prelim. App. Order ¶ 9(a)) | 4/20/2017 |
| Deadline for mailing the Notice and Proof of Claim Form to Settlement Class Members (the | Within 14 calendar days after obtaining the security holder lists (Prelim. App. Order ¶ 9(a)) | 5/4/2017 |

| "Notice Date") | | |
|---|---|---|
| Deadline for publication of the Summary Notice | Within 14 calendar days following the Notice Date (Prelim. App. Order ¶ 9(a)) | 5/4/2017 |
| Deadline to file papers in support of final approval of Settlement, Plan of Allocation, and Lead Counsel's fee and expense request | 35 calendar days prior to the Fairness Hearing (Prelim. App. Order ¶ 18) | 7/10/2017 |
| Deadline for objections and requests for exclusion from the Settlement Class | 21 days prior to the Fairness Hearing (Prelim. App. Order ¶ 16) | 7/24/2017 |
| Deadline to file of reply papers in further support of final approval of Settlement, Plan of Allocation, and Lead Counsel's fee and expense request | 7 calendar days prior to the Fairness Hearing (Prelim. App. Order ¶ 19) | 8/7/2017 |
| Deadline to file Declaration of Mailing and Publication of Notice | 7 calendar days prior to the Fairness Hearing (Prelim. App. Order ¶ 9(b)) | 8/7/2017 |
| **Fairness Hearing** | | **8/14/2017** |
| Deadline to file Proof of Claim forms | Postmarked no later than 120 calendar days after the Notice Date (Prelim. App. Order ¶ 13) | 9/1/2017 |

## VIII. <u>CONCLUSION</u>

The proposed Settlement is presumptively fair and presents no obvious deficiencies. Accordingly, the Court should grant preliminary approval of the proposed Settlement and enter an order substantially in the form of the accompanying [Proposed] Order Granting Preliminary Approval of Settlement and Directing Dissemination of Notice to Class.

1    DATED: March 31, 2017                **LEVI & KORSINSKY LLP**

2                                         By: /s/ Adam C. McCall
3                                         Adam C. McCall
                                          445 South Figueroa Street, 31st Floor
4                                         Los Angeles, California 90071
5                                         Telephone: 213-985-7290
                                          Email: amccall@zlk.com
6
7                                                -and-

8                                         Nicholas I. Porritt
9                                         Adam M. Apton
                                          **LEVI & KORSINSKY LLP**
10                                        1101 30th Street NW, Suite 115
11                                        Washington, DC 20007
                                          Telephone: (202) 524-4290
12                                        Email: nporritt@zlk.com
13                                                aapton@zlk.com

14                                        Ira M. Press (admitted *pro hac vice*)
15                                        Thomas W. Elrod (admitted *pro hac vice*)
                                          **KIRBY McINERNEY LLP**
16                                        825 Third Avenue, 16th Floor
17                                        New York, NY 10022
                                          Telephone: (212) 371-6600
18                                        Email: ipress@kmllp.com
19                                                telrod@kmllp.com

20                                        *Attorneys for Lead Plaintiffs and Lead*
21                                        *Counsel for Class*

22                                        **GLANCY PRONGAY & MURRAY LLP**
23                                        Lionel Z. Glancy (#134180)
                                          Robert V. Prongay (#270796)
24                                        1925 Century Park East, Suite 2100
25                                        Los Angeles, CA 90067
                                          Telephone: (310) 201-9150
26                                        Email: lglancy@glancylaw.com
27                                                rprongay@glancylaw.com

28                                              20

1

2      **WESTERMAN LAW CORP**
       Jeff S. Westerman (#94559)
3      1875 Century Park East, Suite 2200
       Los Angeles, CA 90067
4      Telephone: (310) 698-7880
       Facsimile: (310) 775-9777
5      Email: jwesterman@jswlegal.com

6

7      *Liaison Counsel for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28